Pearson, J.
 

 The position assumed in the argument that a claim for damages for the breach of a warranty was embraced by the attachment law, prior to the amendment in the Eevised Code, is not tenable. It had been settled by general acquiescence, that the debt, or demand must be such as could be recovered by an action of debt, or upon
 
 indebtatus assumpsit,
 
 and not a demand for unliquidated damages for breach of contract The same distinction applies to the jurisdiction of a single justice of the peace, and is well marked by the case of
 
 Tyler
 
 v.
 
 Harper,
 
 1 Dev. Rep. 387, where it is
 
 held
 
 that a
 
 *364
 
 single justice has not jurisdiction for a breach of contract in failing to deliver a certain quantity of goods, so as to make a i'nll load, which was to be paid for
 
 per hundred.
 

 Considering this proceeding in reference to this amendment, Rev. Code, eh. 7, sec. 16, there are two objections to it, both of which are fatal. It is necessary to set out in the affidavit that the defendant absconded or concealed himself within three months after the injury was done, and the attachment must be issued within that time.
 

 It was said the Court cannot notice the omission, unless the defendant replevies so as to make himself a party, and then takes advantage of it by demurrer, or motion to dismiss. We do not think so, for the statute is peremptory, and the court is, bound to notice it; sec. 17, “If any attachment shall issue under the preceding section, in any other manner, or time, than is herein allowed, the same shall be void, and the court shall not proceed therein.”
 

 Again, it was said the omission may be cured by setting it out in the declaration, and so the order to dismiss was premature. In the first place, to permit the plaintiff, to file a declaration, wou^d be to “ proceedbut waiving this: It is true, some defects in the writ may be cured by the declaration, but there is a marked distinction between an ordinary writ, and an attachment. In this latter, the plaintiff is allowed to get a judgment against the defendant without personal service of process, which is contrary to the course of the common law, and as some protection to the absent defendant, the statute requires all the material facts to be set out in an affidavit, which is made the groundwork of this proceeding. By the section under consideration, the fact that the defendant absconded, or concealed himself within three months, is made as material to the right to issue the attachment, as the fact that an injury was done to the plaintiff’s property, and to allow the omission of either in the affidavit, to be cured by the declaration, which is not sworn to, would deprive the defendant of a safe-guard required by the statute, to wit: the oath of the plaintiff, and make that provision of no effect.
 
 *365
 
 2. We are of opinion that a false warranty, or deceit in the sale of personal property, is not embraced under the terms “an injury to
 
 the property
 
 of another,” in the 16th section. “Property” is sometimes used in a broad sense as synonymous with “ estate,” but the legal signification of the two words is not the same. “Estate” is the broadest term, and includes “dioses in action.” “Property” is confined to things that are tangible. In
 
 Campbell
 
 v.
 
 Smith,
 
 3 Hawks’ Reports, 590, IíeNDebsoN, J., says “a debt, or duty, is not property. A person has an interest in a duty, but a property in a
 
 thing
 
 only.” “Personal property” means goods or chattels —things, which at common law, could be seized under a
 
 ji. fa.,
 
 or be the subject of lareeny.
 
 Pippin
 
 v. Ellison, 12 Ired. Rep. 61;
 
 Hurdle
 
 v. Outlaw, 2 Jones’ Equ. 76. Here the matter is fully discussed, and opinions filed by two of the Judges; and it may be remarked that the latter case, which was one of great importance, and attracted much notice, was decided at December Term, 1854; and it is fair to presume that the attention of the Legislature was called to it. Put at all events, these decisions fix the meaning of the word “ property,” and we are not disposed to unsettle it; being satisfied from a consideration of the amendment made by the section before us, that such was the sense in which it is there used. Had the intention been to include all injuries affecting one’s estate, whereby he acquired a cause of action, apt wordsAvould have been used to express so general an idea. The words of the section were evidently well considered; “an injury to the proper person (excluding slander, &c.,) or property,” that is, a thing tangible, and not a mere right. In making this extension to an
 
 exparte
 
 proceeding, there was an obvious reason for restricting it to such wrongs, as, from their nature, if committed, could be clearly proved, i. e. that a house was burnt, a negro killed, or a horse taken away. To this we impute the use of the particular word “property.” — • "What property of the plaintiff was injured? Not the negro ! Or suppose property to include a chose in action; what chose in action of the plaintiff, was injured? He had none to be
 
 *366
 
 injured prior to the act complained of; and really, tlie idea of an injury done to a
 
 right of action
 
 involves a legal absurdity ; especially, when such a right of action is not pre-exist-ing, but arises, and is brought into existence by the very act that is complained of as doing an injury to it.
 

 Pee Oueiam» There is no error. Judgment affirmed.