McKENZIE, Appellant, v. DORAN et al., Respondents.

(No. 2,706.)

(Submitted October 28, 1909.   Decided November 10, 1909.)

[104 Pac. 677.]

*Justices of the Peace—Jurisdiction—Slander.*

1.  Under section 66, Code of Civil Procedure, 1895, a justice of the peace court had jurisdiction of an action for slander, commenced prior to the amendment of said section (Laws 1907, p. 186), where the damages claimed did not exceed $300.

*Appeal from ˙ District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by McKenzie against John Doran, a justice of the peace, and the sureties on his official bond. Judgment for defendants, and plaintiff appeals.   Affirmed.

There was a brief by *Mr. N. H. Rotering, Mr. L. P. Donovan,* and *Mr. A. B. Melzner,* for Appellant; *Mr. Rotering* argued the cause orally.

In the brief the following authorities were cited: *Engelking* v. *Von Wamel,* 26 Tex. 469; *Duffies* v. *Duffies,* 76 Wis. 374, 20 Am. St. Rep. 79, 45 N. W. 522, 8 L. R. A. 420; *Mulford* v. *Clewell,* 21 Ohio St. 190; *Peterson* v. *Knoble,* 35 Wis. 80; *Wagner* v. *Lathers,* 26 Wis. 436; *Birkhead* v. *Ward,* 35 Pa. Super. Ct. Rep. 235, 24 Cyc. 449.

*Mr. John G. Brown,* and *Mr. H. K. Jones,* filed a brief in behalf of Respondents, and both argued the cause orally.

New York, with similar statutes to those of our own state, has expressly held that libel and slander are included in personal injury. (*Morse* v. *Press Co.,* 63 App. Div. 61, 71 N. Y. Supp. 348; *Lasche* v. *Dearing,* 23 Misc. Rep. 722, 53 N. Y. Supp. 58; *Cregin* v. *Railway Co.,* 75 N. Y. 192, 31 Am. Rep. 459.)   We would also call attention to a similar construction in Wisconsin.

(*Wightman* v. *Devere,* 33 Wis. 570.)   And upon the construction of a statute very similar to ours, in a very well-reasoned case, see *Johnson* v. *Bradstreets Co.,* 87 Ga. 79, 13 S. E. 250.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought by the plaintiff against John Doran, a justice of the peace of Silver Bow county, and the sureties on his official bond.  The *gravamen* of the complaint is that in 1905 the defendant Doran, as such justice of the peace, wrongfully assumed to entertain and exercise jurisdiction of an action instituted in his court by one Lewis Larson against this plaintiff, McKenzie, to recover $300 for slander.  It is charged that such proceedings were had and done in that case that a judgment was rendered in favor of Larson and execution issued thereon and property of McKenzie seized by the sheriff of Silver Bow county, by reason whereof it is now said this plaintiff was damaged in the sum of $353.95.  To this complaint a demurrer was interposed and sustained, and the plaintiff, electing to stand upon her complaint, suffered judgment to be rendered against her, from which judgment she appealed to this court.

We may waive aside any other questions and accept the declaration of counsel for appellant in their brief that "this appeal involves but one important question,   *   *   *   to-wit: Whether the justice of the peace had jurisdiction to try an action for slander."   At the time the case of *Larson v. McKenzie* was commenced, the Codes of 1895 were in force and controlling.   Those Codes give a comprehensive definition of judicial remedies. (Code Civ. Proc., sec. 3469.)   These remedies are divided into actions and special proceedings.   (Sec. 3470.)   Actions are civil or criminal.   (Sec. 3473.)   Every civil action arises out of an obligation or an injury.   (Sec. 3474.)   Injuries are divided into two classes:  (a) injuries to the person;  (b) injuries to property.   (Sec. 3476.)   "An injury to property consists in depriving its owner of the benefit of it, which is done by taking, withholding, deteriorating or destroying it."   (Sec. 3477.)   "Every

other injury is an injury to the person." (Sec. 3478.) Since slander is an injury, but not an injury to property, it follows that it is an injury to the person. Section 66 of the same Code provides: "The justices' courts have civil jurisdiction: ＊ ＊ ＊ (2) In actions for damages for injury to the person ＊ ＊ ＊ if the damages claimed do not exceed three hundred dollars." The language in section 66 is just as broad as the language employed in section 3478, and we cannot find any reason for saying that the former does not comprehend everything included in the latter; and, if it does, a justice of the peace court in 1905 had jurisdiction of a civil action brought to recover damages for slander if the damages claimed did not exceed $300.

At common law the rights of persons were absolute and relative. The absolute rights were (a) right of personal security; (b) right of personal liberty; and (c) right of private property, and the wrongs or injuries affecting the person were given a corresponding classification. "As to injuries which affect the personal security of individuals, they are either injuries against their lives, their limbs, their bodies, their health, or their reputations." (3 Hammond's Blackstone's Commentaries, p. 158.) "Lastly, injuries affecting a man's reputation or good name are, first, by malicious, scandalous, and slanderous words, tending to his damage and· derogation." (*Id.*, p. 162.) And for such slander the injured party had an action for damages. Cooley makes a like classification, and, speaking of the right of personal security, says: "In the classification above made the first class embraces the rights which pertain to the person. In this are included the right of life, the right to immunity from attacks and injuries, and the right equally with others similarly circumstanced to control one's own action. In all enlightened countries the same class would also include the right to the benefit of such reputation as one's conduct has entitled him to, and the enjoyment of all such civil rights as are conceded by the law" (Cooley on Torts, 2d ed., p. 24) ; and slander is treated as a violation of the right of security to reputation. Finally our own Code, in treating of the subject "Personal Rights," provides

that every person has the right of protection from defamation effected by libel or slander. (Civil Code, secs. 30, 31.)

It seems to us, therefore, that in conferring upon the justice of the peace court jurisdiction in an action for damages for injury to the person, where the amount claimed did not exceed $300, the legislature intended to use the phrase "injury to the person," in the Codes of 1895, in the same sense that it was understood at common law; and thereby jurisdiction was conferred upon such court in an action for damages for slander, if the damages claimed did not exceed $300. In this conclusion we are strongly fortified by the subsequent action of the legislature itself. By an Act approved March 4, 1907 (Laws 1907, p. 186), subdivision 2 of section 66 of the Code of Civil Procedure of 1895 above was amended by the addition of the following: "Provided, that in actions for false imprisonment, libel, slander, criminal conversation, seduction, malicious prosecution, bastardy, abduction and alienation of affections, the justice of the peace shall not have jurisdiction." If the justice's court did not have jurisdiction of any action for slander prior to 1907, this action on the part of the legislature was wholly uncalled for; and the fact that the legislature in 1907 deemed it necessary to specifically deny to justices' courts such jurisdiction thereafter is to be taken as a legislative construction of the phrase "injury to the person," as theretofore employed in the Code, to include slander, and the legislature, deeming it unwise that justices' courts should be clothed with authority to deal with a subject presenting so many difficulties, wisely took such jurisdiction away from those courts. Authorities may be found which construe the phrase "injury to the person" to mean only such injury as would support an action for trespass *vi et armis;* and there are some provisions in the Codes of 1895 which seem to make a distinction between injuries to the person and injuries to the character, but the conclusion we have reached seems to us the correct one.

Since in the case of *Larson* v. *McKenzie* the damages claimed did not exceed $300, and the action was commenced prior to the

amendment of 1907, the justice of the peace court at that time had jurisdiction, and the complaint in this action does not state a cause of action.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

