E. C. TISDALE v. GEORGE EUBANKS.

(Filed 13 October, 1920.)

**1. Attachment—Libel and Slander—Slander—Injury to Person—Statutes.**

The security of a person's good name and reputation is within his personal rights as a citizen, and slander thereof is an injury to his person, and will sustain a proceeding for an attachment within the intent and meaning of Rev., 728 (4), as an "injury to the person by .................. wrongful act."

**2. Same—History of Legislation.**

A history of the statutes providing for the writ of attachment and the various amendments to the same, Code of 1868, sec. 197; Code of 1883, sec. 347; Laws of 1893, ch. 77, shows that the present statute is in full support of the above position, and the objection that it is but a return to legislation existing under the Code of 1856, ch. 7, sec. 16, granting the writ for injuries only to "proper person and property," is untenable. *Webb v. Bowler*, 50 N. C., 362, cited, distinguished, and applied.

**3. Courts—Jurisdiction—Special Appearance—Motions to Discharge—Attachment—Slander.**

Where the jurisdiction of the court in an action for slander depends upon the validity of the attachment under our statute, Rev., 728 (4), the defendant may challenge the right of the court to proceed by special appearance, and move to discharge the attachment and dismiss the case without subjecting himself, generally, to the jurisdiction of the court.

CIVIL ACTION for libel, heard on motion to discharge an attachment transferred from the clerk, before *Bond, J.,* at September Term, 1920, of CRAVEN.

On the hearing it was made to appear that the action is for libel; that no personal summons has been thus far obtained, and plaintiff is proceeding by publication; that, on proper affidavits, plaintiff has procured an attachment in the cause, and same has been levied on property of the defendant, situate within the jurisdiction of the court; that defendant has entered a special appearance; and moved to discharge the attachment on the ground that, under the law of this State, no attachment lies in the action for libel, and the court being of this opinion, judgment was entered that the writ of attachment be discharged, and that, thus far, no personal service of summons had been obtained.

Plaintiff, having duly excepted, appealed.

*R. E. Whitehurst and Guion & Guion for plaintiff.*
*D. L. Ward and Moore & Dunn for defendant.*

HOKE, J. Our statute on the subject, Rev., 728, provides that an attachment lies in actions for:

1. Breach of contract, express or implied.
2. Wrongful conversion of personal property.

3. Any other injury to real or personal property in consequence of negligence, fraud, or other wrongful act.

4. Any injury to the person by negligence or wrongful act.

The approved writers on the subject, Blackstone, Kent, Cooley, and others, generally maintain the security of one's reputation and good name as among the personal rights of the citizen entitled to the protection of the law, and, in this view, the language of the fourth clause of this section is broad enough to include, and, in our opinion, does include and extend to an action for libel.

The decided cases on the subject, in this and other actions involving substantially the same principle, are to like effect, *Hoover v. Palmer,* 80 N. C., 313; *Riddle v. McFadden,* 201 N. Y., 215; *Times Democrat v. Moyer et al.,* 136 Fed., 761; *Johnston v. Bradstreet Co.,* 87 Ga., 79; *Varnum v. Townsend,* 23 Fla., 355; *Kenzie v. Doran,* 39 Mont., 593, and see numerous additional authorities cited in Words & Phrases, sec. 2, vol. 3, p. 1004. And, in authoritative decisions construing various bankruptcy statutes, wherein judgments and claims growing out of willful and malicious injuries to person and property are exempted from the effect and operation of a discharge, libel has been held to come within the exemption, being classed and considered as an injury to the person. *McDonald v. Brown,* 23 Rh. Is., 546; *Sanderson v. Hunt,* 116 Ky., 435; *Thompson v. Judy,* 169 Fed., 553.

In *Johnston v. Bradstreet Co., supra,* the question presented was whether a statute, withdrawing from principle of abatement, by death of the litigant, "actions for homicide, injuries to the person, and injury to property," extended to and included actions for libel, held that same came within the provisions of the law, and *Lumpkin, J.,* delivering the opinion of the Court, said:

"If, however, the meaning of the words 'injury to person' cannot be determined by the position of the amended section in the Code, it may be arrived at by reference to the common law. At common law, absolute personal rights were divided into personal security, personal liberty, and private property. The right of personal security was subdivided into protection to life, limb, body, health, and reputation. 3 Blackstone Com., 119. If the right to personal security includes reputation, then reputation is a part of the person, and an injury to the reputation is an injury to the person. Under the head of 'security in person,' Cooley includes the right to life, immunity from attacks and injuries, and to reputation. Cooley on Torts (2 ed.), 23, 24. See, also, Pollock on the Law of Torts, 7. Bouvier classes among absolute injuries to the person, batteries, injuries to health, slander, libel, and malicious prosecutions. 1 Bouvier, L. Dic. (6 ed.), 636. 'Person' is a broad term, and legally includes not only the physical body and members, but also every

bodily sense and personal attribute, among which is the reputation a man has acquired. Reputation is a sort of right to enjoy the good opinion of others, and is capable of growth and real existence, as an arm or a leg. If it is not to be classed as a personal right, where does it belong? No provision has been made for any middle class of injuries between those to person and those to property, and the great body of wrongs arrange themselves under the one head or the other. Whether viewed from the artificial arrangement of law writers, or the standpoint of common sense, an injury to reputation is an injury to person. And oftentimes an injury of this sort causes far more pain and unhappiness, to say nothing of actual loss in money or property, than any physical injury could possibly occasion."

And, in *McDowell v. Brown, supra, Tillinghast, J.,* speaking to the question, said: "In view of these definitions, we think it is clear that a libel is a wrong and injury committed against the person of another. As a part of the right of personal security, the preservation of every person's good name from the vile arts of detraction is justly included; and for a violation of this right ample remedies are provided.

"The law, which is supposed to be good common sense crystallized, looks upon and treats a person's character as an inseparable part of the person himself. If that is injured, he is necessarily injured; if that is wronged, he is wronged. Indeed, it is frequently said, and with much truth, that 'Character makes the man.' And, in this connection, we may say that it is difficult to conceive of a greater injury which could be done to a person than to wrongfully and maliciously tarnish or blacken and destroy his good character in the community where he lives. Wounded feelings, mental anguish, loss of social position and standing, personal mortification and dishonor, are clearly injuries that pertain to the person. In so far as we are aware, injuries to the character are always classed in the law with injuries to the person."

A history of our legislation on this subject lends support to the position, if further support were required. Under the Code of 1868, sec. 197, an attachment could only be issued in an action arising on contract for the recovery of money only, and for wrongful conversion of personal property, and construing the section, it was held that no attachment would lie for unliquidated damages, even in case of breach of contract. Later, in the Code of 1883, sec. 347, the attachment law was amended so that the writ would lie in actions to recover a sum of money only, and damages in one or more of the following causes:

1. Breach of contract, express or implied.

2. Wrongful conversion of personal property.

3. And other injury to personal property by reason of negligence, fraud, or other wrongful act.

In ch. 77, Laws 1893, the words "real or" were inserted just before personal, in clause 3 of the section, and thereafter the issuance of the writ was upheld in actions for money, and for liquidated damages in the causes specified, and none other. *Judd v. Mining Co.,* 120 N. C., 397; *Long v. Ins. Co.,* 114 N. C., 465; *Winfree v. Bagley,* 102 N. C., 515.

Again, in 1901, the attachment law was amended by adding the section substantially as it now appears in clause 4, Rev., 758: "Any injury to the person caused by negligence or wrongful act," thus showing the intent of the Legislature to broaden the right to this writ, and make the same well nigh coextensive with any well grounded demand for judgment *in personam.* And no valid reason occurs to us for distinction between actions for slander and libel, and any other demand for unascertained and unliquidated damages for injuries to the person.

"It is earnestly contended for defendant that this fourth clause of the section is but a return to the pertinent legislation on the subject as it prevailed in the Code of 1856, ch. 7, sec. 16, granting the writ for injuries to the 'proper person and property' of another, and attention is called to an intimation by *Pearson, C. J.,* then Associate Justice, in *Webb v. Bowler,* 50 N. C., 362, that the law as it then existed did not extend to slander."

As stated, the point was not presented in *Webb v. Bowler.* The statement is but an intimation of the learned judge, and, on a statute granting the writ for injuries to the "proper person of another (which might very well be restricted to physical injuries), is by no means decisive on the present law, allowing attachment in broader terms for injuries to the person by any wrongful act." And so, in reference to the argument that in the statute on arrest, the process is provided for injuries to "person and to character." The statute on arrest from the beginning was much more extensive than that on attachment, and the Legislature has since had little, if any, occasion to amend it, but the distinction adverted to should not be allowed significance in the present law, which, as we have seen, has been again and again amended, and is now expressed in language fully broad enough to include all injuries to the person.

On the record, as it now appears, the jurisdiction of the court being dependent entirely on the validity of the attachment, the authorities are to the effect that defendant, by special appearance, may challenge the right of the court to proceed by motion to discharge the attachment, and without subjecting himself generally to the jurisdiction of the court. *Davis v. Cleveland, etc., R. R.,* 217 U. S., 907; *Johnston v. Whilden,* 166 N. C., 104.

Being of opinion, however, that, under the law of this State, attachment lies in actions for libel, we hold that there was error in discharging the writ, and this will be certified that the cause be further proceeded with as the law directs.

Error.