# Hatcher v. Southern Railway Co.

### Ejecting Passenger.

#### (Decided January 14, 1915. 68 South. 55.)

1. *Corporations; Actions Against; Venue.*—Under section 6112, Code 1907, an action against a railroad company for vexation, humiliation, and inconvenience resulting from a wrongful ejectment, is within the term "personal injuries," such term not being restricted to direct physical hurt to the body of a person, and hence, where the ejection occurred in Shelby county, where plaintiff lived, and where defendant had an agent, an action therefor could not be brought in Jefferson county.

2. *Constitutional Law; Corporations; Privileges and Immunities.*— Section 6112, Code 1907, does not affect the nature or measure of liability, but only the form or forum of its enforcement, and hence, is not violative of the Fourteenth Amendment of the Constitution of the United States, or section 23 or section 240, Constitution 1901.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by James A. Hatcher against the Southern Railway Company for the wrongful ejection of plaintiff as a passenger, such ejection occurring in Shelby county, where defendant had an agent or agents. From a judgment abating the action, plaintiff appeals. Affirmed.

ESTES, JONES & WELCH, for appellant.

STOKELEY, SCRIVENER & DOMINICK, and I. M. ENGEL, for appellee.

McCLELLAN, J.—The appellant instituted this action against the appellee, in the city of Bessemer, in Jefferson county, for a tortious breach of duty, by the appellee's conductor, in ejecting the plaintiff from a train because it was asserted by the conductor, plain-

tiff would not or did not pay the requisite fare for transportation to his intended destination. This alleged wrongful ejection of the plaintiff is averred to have caused him, with his family, to walk about three miles to his intended destination; to have greatly vexed, harassed, and worried him; to have humiliated him by demanding extra fare in the presence of the passengers; to have greatly inconvenienced and delayed him; to have imposed upon him, in consequence of the necessity to walk to his intended destination, physicial discomforture; and to have humiliated him by thus necessitating his entry of his intended destination on foot, with his family, in the presence of his acquaintances and others.

The plantiff resided, when thus ejected and at the time the suit was commenced, in Shelby county, Ala.; and his alleged ejection from the defendant's carriage was effected in Shelby county. The defendant was then and has ever since conducted business in Shelby county by agent; as also it did then and has ever since done at Bessemer, in Jefferson county. The court gave effect to a plea to the jurisdiction based on these facts, thus abating the action. Code, 6112, provides: "A foreign or domestic corporation may be sued in any county in which it does business by agent; but all actions for personal injuries must be brought in the county where the injury occurred, or in the county where the plaintiff resides, if such corporation does business by agent in the county of plaintiff's residence."

(1) It is contended that the action was erroneously abated, for that: First, the action is not for "personal injury," as that term is employed in the statute, and, second, the statute is constitutionally invalid.

The argument for appellant in support of the first stated contention necessarily resolves itself into the af-

firmation of the proposition that a "personal injury," to come within the purview of section 6112, must be a direct physicial hurt to the body. This court, in the case of *Garrison v. Burden,* 40 Ala. 513, 515, 516, while interpretating the phrase "injuries to the person," in the statute governing the survival of actions—a phrase at least susceptible of an interpretation more favorable to the appellant's view of the proper meaning of the words "personal injuries" in section 6112—it was expressly ruled that the signification and effect of the phrase could not be restricted to "direct physical hurts to the body of a person." The soundness of the stated doctrine of the cited decision has been particularly recognized in *Long v. Booe,* 106 Ala. 570, 579, 17 South. 716. The like doctrine was reiterated and illustrated in the case of *Jefferson Fertilizer Co. v. Rich.,* 182 Ala. 633, 62 South. 40. It is well and generally settled, we think, that injuries to the person or personal injuries comprehend mental distress, annoyance, inconvenience, humiliation, and such other manifestations of disturbed or perturbed feelings as ordinary persons are supposed to be subject to. The following authorities may, in that connection, be read with interest and profit: *Sou. Ry. Co. v. Hobson,* 4 Ala. App. 408, 58 South. 751; *Morton v. W. U. T. Co.,* 130 N. C. 299, 41 S. E. 484; *W. U. T. Co. v. Kauffman* (Tex. Civ. App.) 107 S. W. 630; *McKenzie v. Doran,* 39 Mont. 593, 104 Pac. 677; *Johnson v. Bradstreet,* 87 Ga. 79, 13 S. E. 250; *McDonald v. Brown,* 23 R. I. 546, 51 Atl. 213, 58 L. R. A. 768, 91 Am. St. Rep. 659; *Hutcherson v. Durden,* 113 Ga. 987, 39 S. E. 495, 54 L. R. A. 811; *State v. Ross,* 24 N. D. 586, 139 N. W. 1051; *Riddle v. MacFadden,* 201 N. Y. 215, 94 N. E. 644. We do not think the question is debatable.

[Hatcher v. Southern Railway Co.]

(2) There is no merit in the contention that the statute (section 6112) is constitutionally invalid. It governs the matters of venue of actions against foreign and domestic corporations doing business in this state. The statute does not assume to affect any substantive right or defense of persons or institutions within its influence. In *Smith v. L. & N. R. R. Co.*, 75 Ala. 449, 451, these presently apt statements were made: "In *Richards' Case*, 74 Ala. 466, we sanctioned a different rule as to venue—the mere form of proceeding—when a corporation is sued. We reached this conclusion by force of the corporation's mode of conducting its business; that its scene of active operations is ambulatory, and its domicile, if domicile it has, is essentially unlike, as its business transactions are unlike, those of a living human being. The difference commented on in that case did not affect the nature or measure of liability, but only the forum or form of its enforcement."

The thus established considerations refute any notion that the statute in question is violative of section 22 or 240 of the Consititution of Alabama or of the fourteenth amendment to the federal Constitution.

There is no error in the record. Hence the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, C. J and SAYRE and DE GRAFFENRIED, JJ., concur.