ROBINSON *v.* MISSOURI PACIFIC TRANSPORTATION COMPANY.

4-9361                                         236 S. W. 2d 575

Opinion delivered February 19, 1951.

*O. D. Longstreth, Jr., Joseph Brooks* and *Dave Witt,* for appellant.

*William J. Smith, Pat Mehaffy* and *Henry Donham,* for appellee.

Minor W. Millwee, Justice. Plaintiff, David E. Robinson, and six other former employees of defendant, Missouri Pacific Transportation Co., brought separate actions in the Clark Circuit Court against the company and two of its employees, John F. Rea and T. T. Allen.

According to the allegations of the complaints some of the plaintiffs are residents of Pulaski County while others reside in Jackson and Van Buren Counties. Each complaint alleges: "The defendant, Missouri Pacific Transportation Company, is a corporation organized under the laws of the State of Delaware, authorized to do business in the State of Arkansas, and having a branch office and place of business in Clark County, Arkansas.

The defendant, John F. Rea, is a citizen and resident of Pulaski County, Arkansas, and is employed by the Missouri Pacific Transportation Company as District Supervisor in charge of a district including all of the State of Arkansas. The defendant, T. T. Allen, is a citizen and resident of Desha County, Arkansas, and is employed by the Missouri Pacific Transportation Company as a Division Supervisor, subordinate to the defendant Rea. The Missouri Pacific Transportation Company is engaged in the business of operating a line of motor buses throughout the State of Arkansas, and in all the transactions hereinafter set forth it acted by and through its agent and employees, John F. Rea and T. T. Allen, who were duly authorized by it and acting within the scope of their employment.''

It was further alleged that each plaintiff had been formerly employed by the transportation company as a motor coach operator under a contract between the company and the Brotherhood of Railway Trainmen, which provided that no employee might be dismissed without a fair and impartial hearing; that about March, 1947, the company, through its employees, Rea and Allen, unlawfully and maliciously conspired with the vice-president and general manager of the company and the operators of a private detective agency to bring about plaintiff's discharge by manufacturing false testimony and lodging false charges of breach of trust in failing to account for fares collected by plaintiff; that as a result of said conspiracy a hearing was held at Little Rock, Arkansas, before defendant, John F. Rea, on such false and manufactured testimony resulting in plaintiff's wrongful discharge; that plaintiff was thereby deprived of his employment and his present and future earning capacity; and that the good name and reputation which he formerly enjoyed were thereby defamed, resulting in great shame, humiliation and mental anguish. Each plaintiff prayed judgment for $70,000, actual damages, and $10,000, punitive damages.

The record reflects that a summons, issued to the sheriff of Clark County, was served upon the defendant

transportation company by delivering a copy to Grant R. Allen, agent in charge of said company. Defendant, John F. Rea, was served with summons in Pulaski County and defendant, T. T. Allen, was served in Desha County.

After the cases were removed to U. S. District Court and remanded to the Clark Circuit Court, the defendants filed in each of the cases a motion to quash service of process. Each motion alleged, *inter alia,* that the cause of action did not arise in Clark County; that plaintiff was not a resident of Clark County; that the circuit court of Clark County was without venue of the action; and that the process issued out of said court and served upon each of the defendants was invalid.

Each plaintiff filed a response to the motion admitting that he was not a resident of Clark County; that the transportation company was a Delaware corporation with an authorized Arkansas agent for service who had not been served with process in the action. The cases were consolidated for the purpose of a hearing on said motions resulting in separate orders which recite: "That the motion of the defendants to dismiss for improper venue should be and the same is hereby sustained and the cause of action is hereby dismissed for want of proper venue." Although each order also recites the filing and overruling of a motion for new trial, it was conceded in the oral argument that no written motion for new trial was filed and that no testimony was heard on the motions to quash service.

A motion has been made by defendants to dismiss the appeal for non-compliance with our Rule 9 because plaintiffs' abstract of the record is deficient in several alleged particulars. In this connection it should first be noted that the motions to quash were sustained and the cases dismissed solely on the ground of improper venue. The validity of this holding is the only point raised by plaintiffs on this appeal. It is true that there are certain allegations in the motions to quash, and the responses thereto, pertaining to jurisdiction and other matters which do not bear directly on the issue of venue. We

have held that where only one point is raised on appeal, an abstract of the record on that point alone is a sufficient compliance with the rule. *St. L. I. M. & S. R. Co. v. Craft,* 115 Ark. 483, 171 S. W. 1185, L. R. A. 1916C, 817. While plaintiffs' abstract is not as complete as it might be, we deem it sufficient to cover the point raised and hold that the motion to dismiss should be denied.

In the absence of a motion for new trial, we will only consider errors apparent from the record itself. *Burns* v. *Harrington,* 162 Ark. 162, 257 S. W. 729; *Stone* v. *Bowling,* 191 Ark. 671, 87 S. W. 2d 49. It is apparent from the record that none of the parties to the instant suits are residents of Clark County and that service of process was obtained upon the agent in charge of the transportation company's office in Clark County.

Defendants contend that venue in the several actions is controlled by either Ark. Stats., § 27-610 or § 27-612, or both, while plaintiffs insist that the actions are maintainable in Clark County under § 27-613. These statutes read: ''(27-610) All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury, and provided further that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a regular employee of such party, and on duty at the time of such service. (Acts 1939, No. 314, § 1, p. 769). '

''(27-612) All civil actions for the recovery of damages brought against a non-resident of the State of Arkansas may be commenced in the county where the accident occurred which caused the injury, or death, or in the county where the person injured, or killed, resided at the time of the injury. Service of process may be had in any county of the State where the defendant, or any of them, may be found. (Acts 1947, No. 347, § 1, p. 778.)

''(27-613) Every other action may be brought in any county in which the defendant, or one of several defend-

ants, resides, or is summoned. (Civil Code, § 96; C. & M. Dig., § 1176; Pope's Dig., § 1398.)"

In determining the applicability of § 27-610, *supra,* this court has distinguished between actions for physical injuries to the body and those involving injuries resulting from malicious prosecution, libel and other actions for defamation of character in general. In *Coca-Cola Bottling Co.* v. *Kincannon, Judge,* 202 Ark. 235, 150 S. W. 2d 193, 134 A. L. R. 747, the complaint alleged that, by reason of drinking a portion of the contents of a bottle of Coca-Cola which contained a deleterious substance, the plaintiff had suffered certain physical injuries to her body described in the complaint. The court held that the action was one for personal injuries within the meaning of the statute, saying: "It is to such injuries, that is, personal injuries, to which the act relates, and not such actions as malicious prosecution, etc., which are not ordinarily understood to be personal injuries." See, also, *Coca-Cola Bottling Co.* v. *McNeece,* 191 Ark. 609, 87 S. W. 2d 38.

In *Baker* v. *Fraser,* 209 Ark. 932, 193 S. W. 2d 131, we held that a civil action for libel was not localized by § 27-610 and in reference thereto said: "Act 314 of 1939 refers only to venue in 'actions for damages for personal injury or death by wrongful act,' and therefore does not concern or localize actions for libel. Furthermore, since libel is not a localized action, Act 21 of 1941 does not apply. We conclude that we have no statute in Arkansas that localizes a civil action for libel, and venue should be determined by general principles." In that case we also approved the following rule stated in 37 C. J. 19; "Actions for defamation are generally considered as transitory, and may be brought in any jurisdiction or county in which the defendant may be found."

Our holding in the Baker case seems to be in line with the rule followed generally in other jurisdictions, which is stated in 56 Am. Jur., Venue, § 15, as follows: "Many of the statutes governing the venue or place of trial of tort actions variously require that actions for injury to the person or personal injury actions be

brought in the county of the residence of either the defendant or the plaintiff, when the defendant can be found and served with process in the latter county, or in the county where the cause of action arose or the injury occurred. A personal injury or injury to the person as these terms are used in the venue statutes is generally construed not to include every invasion of a personal right, such terms being usually limited to physical or bodily injuries. Such statutes properly construed determine the venue of an action for injuries resulting in death, in the absence of any special venue provision applicable to death actions, and likewise have been held to govern the venue of an action for illness resulting from the defendant's wrongful act. However, actions for alienation of affections and actions for defamation of character generally are deemed not to come within the meaning of statutory provisions governing the venue of actions for personal injuries or injuries to the person." See, also, *Ark. Life Ins. Co.* v. *Am. Nat. Ins. Co.*, 110 Ark. 130, 161 S. W. 136; Anno. 134 A. L. R. 754. Each of the instant actions is for an alleged conspiracy to cause the wrongful discharge of plaintiffs, which is transitory and falls within the general class of actions for defamation of character. We conclude that such action is not for a personal injury within the meaning of § 27-610 and, therefore, not localized by that statute.

Defendants also insist that if § 27-610 is not applicable, then § 27-612 should be held to govern. Our attention is directed to the fact that the Baker case, *supra,* was decided prior to the enactment of § 27-612, which is § 1 of Act 347 of 1947. It is insisted that the latter statute was passed in view of the construction which we placed on § 27-610 in the Baker case. The greater portion of Act 347 of 1947 is devoted to the matter of jurisdiction over non-residents with particular emphasis upon foreign corporations unauthorized to do business in this state. While § 1 of the Act (§ 27-612) purports to fix the venue of actions against non-residents in "all civil actions for the recovery of damages," it is noted that the venue specified is either the county "where the accident occurred which caused the injury, or death," or

the county "where the person injured, or killed, resided at the time of the injury." Thus the act is practically identical in its terms and meaning with the provisions of § 27-610 except that it is made specifically applicable to non-residents and the language is permissive while the language of § 27-610 is made restrictive by the use of the word "shall." If the Legislature intended to make § 27-612 applicable to the type of action involved here, it failed to do so because it limited the counties specified for venue to those connected with personal injury or death. As we construe the statute, it did. not localize, or change the venue law relative to, the instant actions.

We conclude that plaintiffs are correct in their contention that the present actions fall within the general provisions of § 27-613, *supra,* under which venue may be laid in any county where one of the defendants is summoned. The record reflects that service was had upon an agent in charge of the defendant transportation company's place of business in Clark County. This type of service has been upheld in many cases. *Meeks* v. *Waggoner,* 191 Ark. 189, 85 S. W. 2d 711; *Missouri Pacific Transportation Co.* v. *Pipkin, Judge,* 199 Ark. 339, 133 S. W. 2d 851. In the Meeks case this court noted the force and justice of petitioners' complaint that they would be forced to trial in a county where none of the parties or witnesses resided, and where the cause of action did not arise, but said: "The Legislature, however, prescribes the venue of actions and the manner of serving summons upon defendants, and with the wisdom of its action in such matters the courts have nothing to do."

The judgments are reversed, and the causes remanded with directions to overrule the motions to quash service.