## ARKANSAS VALLEY INDUSTRIES, INC. *v.*
### Russell C. ROBERTS, Judge

5-4530                                        425 S. W. 2d 298

## Opinion delivered March 18, 1968

*Rose, Meek, House, Barron, Nash & Williamson,* for petitioner.

*Phil Stratton,* for respondent.

Conley Byrd, Justice. This petition for writ of prohibition questions the venue of Faulkner County for the maintenance of a suit by Bill Graddy against petitioner, Arkansas Valley Industries, Inc., containing four counts: (1) abuse of prosecution, (2) malicious prosecution, (3) vexatious suit, and (4) false imprisonment.

In addition, the complaint alleges that Bill Graddy suffered injury to his person in the nature of heartache, mental anguish, nervousness, sleeplessness, nightmare and shock.

Arkansas Valley Industries, Inc. has no officer residing in Faulkner County and no branch office or other place of business there.

Petitioner contends that the venue is governed by Ark. Stat. Ann. §§ 27-347 and 27-605 (Repl. 1962), which provide:

"27-347. *Service on corporate agent at branch office.*—Any and all foreign and domestic corporations who keep or maintain in any of the counties of this State a branch office or other place of business shall be subject to suits in any of the courts in any of said counties where said corporation so keeps or maintains such office or place of business, and service of summons or other process of law from any of the said courts held in said counties upon the agent, servant or employee in charge of said office or place of business shall be deemed good and sufficient service upon said corporations and shall be sufficient to give jurisdiction to any of the courts of this State held in the counties where said service of summons or other process of law is had upon said agent, servant or employee of said corporations. [Act Apr. 1, 1909, No. 98, § 1, p. 293; C. & M. Dig., § 1152; Pope's Dig., § 1369.]"

"27-605. *Actions against corporations.*—An action, other than those in sections 84, 85 and 90 [§§ 27-601—27-603], against a corporation created by the laws of this State may be brought in the county in which it is situated or has its principal office or place of business, or in which its chief officer resides; but if such corporation is a bank or insurance company, the action may be brought in the county in which there is a branch of the bank or agency of the company, where it arises out of a transaction of such branch or agency. [Civil Code, § 92; C. & M. Dig., § 1171; Pope's Dig., § 1393]."

The respondent contends that the action is governed by Ark. Stat. Ann. § 27-610 (Repl. 1962), which provides:

"27-610. *Actions for personal injury or death.*— All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury, and provided further that in all such actions service of summons may be had upon any party to such action, in addition to other methods now provided by law, by service of summons upon any agent who is a regular employee of such party, and on duty at the time of such service. [Acts 1939, No. 314, § 1, p. 769.]"

In *Robinson* v. *Missouri Pac. Transp. Co.,* 218 Ark. 390, 236 S. W. 2d 575 (1951), Robinson alleged that Missouri Pacific Transportation Company had unlawfully and maliciously conspired to bring about his discharge by manufacturing false testimony and lodging false charges of breach of trust in failing to account for fares collected by Robinson; that as a result of said conspiracy he was deprived of his employment and his present and future earning capacity; and that the good name and reputation which he formerly enjoyed were thereby defamed, resulting in great shame, humiliation and mental anguish. The railroad company argued that the venue was controlled by Ark. Stat. Ann. § 27-610, *supra,* but in holding to the contrary we pointed out that in determining the applicability of § 27-610 this court had distinguished between actions for physical injuries to the body and those involving injuries resulting from malicious prosecution, libel and other actions for defamation of character in general.

In *Monk* v. *Ehret,* 192 Cal. 186, 219 Pac. 452 (1923), there was under consideration a statute similar to ours, and after reviewing the history of the enactment of such statutes, it was concluded that the term "personal injuries" in the statute was limited to corporeal or physical injuries by reason of any violence. That court, in *Plum* v. *Forgay Lumber Co.,* 118 Cal. App. 76, 4 P. 2d

804 (1931), followed the same construction of the term "personal injury" and held that an action for malicious prosecution and false arrest could not be maintained in the county in which the arrest occurred.

Other courts have held to the contrary. See *Hatcher* v. *Southern Ry. Co.*, 191 Ala. 634, 68 So. 55 (1915).

However, we feel that under *Robinson, supra,* we are committed to the view expressed by California in *Monk* v. *Ehret, supra,* and consequently find that the Faulkner Circuit Court is without venue. Nor can we find anything in the allegation with reference to mental anguish which would change this result, since this was also a factor involved in the *Robinson* case.

Therefore the temporary writ heretofore issued in this case is made permanent.