Billy J. TILMON and Connie TILMON, d/b/a
RAZORBACK HELICOPTER *v.* John PERKINS and
SOUTHWESTERN ELECTRIC POWER COMPANY

87-45                                                   731 S.W.2d 212

Supreme Court of Arkansas
Opinion delivered June 29, 1987

554

*Bullock & McCormick* and *Kenneth A. Hodges*, for appellants.

*Davis & Associates, P.A.*, by: *Charles E. Davis*, for appellee John Perkins.

*Greenhaw & Greenhaw*, by: *Leonard Greenhaw*, for appellee Southwestern Electric Power Company.

TOM GLAZE, Justice. This appeal involves a tort case in which the sole issue is whether the Yell County Circuit Court erred in dismissing the appellants' lawsuit against appellees for lack of venue. We hold the trial court's decision was correct and, therefore, affirm.

Appellants are residents of Yell County, but they rented some land located near Eureka Springs in Carroll County, so they could operate a helicopter sightseeing business. On appellants' first day of business, appellee, John Perkins, who owned adjoining land, confronted appellants, demanding the appellants cease

their operations because their helicopter take-off and landing route went over Perkins' property. About one week later, Perkins, who is employed by appellee Southwestern Electric Power Company (SWEPCO), was seen in a SWEPCO truck, stringing wire or cable from the treetops on his property. This wire posed a hazard to the landing and departing of the appellants' helicopter. Shortly after this incident and when appellant Billy J. Tilmon and two customers took off in the helicopter, Perkins positioned himself in a SWEPCO truck's cherry-picker and attempted to strike the helicopter with a pole. He repeated his attempt when the helicopter returned several minutes later. SWEPCO officials had been notified of Perkins' actions but responded only that what Perkins did on his own time was his business.

Appellants filed this suit against Perkins and SWEPCO in Yell County, alleging that Perkins' intentional acts and threats endangered the appellants' lives, interfered with their business and the use of their land and, because the acts were so outrageous, caused them great emotional stress and mental suffering. Appellants further alleged that SWEPCO was negligent in the hiring and supervising of its employees, which resulted in its joint liability with Perkins for the damages suffered by the appellants.

Appellees moved to dismiss the appellants' complaint, contending the proper venue for the suit is in Carroll County under Ark. Stat. Ann. §§ 27-601 and -613 (Repl. 1979). Appellants responded, stating Ark. Stat. Ann. §§ 27-610 (Repl. 1979) and -611 (Supp. 1985) applied, placing venue in Yell County, where appellants reside.

We first dispose of appellants' argument concerning § 27-611 because that statute establishes venue for damages to personal property and no such damages were alleged and prayed for in their complaint. Appellants' only serious contention concerns § 27-610, which provides that actions for damages for personal injury must be brought either in the county where the accident causing the injury occurred, or where the injured person resided at the time of the injury. Whether the statute applies here depends on whether the appellants' suit is one for "personal injury." We hold it is not.

This court has construed § 27-610 on many occasions, but we believe the best discussion of the term "personal injury,"

as used in that statute, appears in *Robinson* v. *Missouri Pacific Transportation Co.*, 218 Ark. 390, 396, 236 S.W.2d 575, 578 (1951), wherein we quoted the following from 56 Am.Jur. *Venue* § 15 (1947):

> A personal injury or injury to the person as these terms are used in the venue statutes is generally construed not to include every invasion of a personal right, such terms being usually limited to physical or bodily injuries.
>
> \* \* \*
>
> [A]ctions for alienation of affections and actions for defamation of character generally are deemed not to come within the meaning of statutory provisions governing the venue of actions for personal injuries or injuries to the person.

Consistent with the foregoing, this court repeatedly has held that corporeal or physical injuries must exist before venue can be established under § 27-610. *See Odell* v. *Arkansas General Industries Co.*, 288 Ark. 356, 705 S.W.2d 438 (1986) (held inapplicable when no physical injury involved but intentional, wrongful discharge was alleged); *Farm Bureau Mutual Insurance Co.* v. *Southall*, 281 Ark. 141, 661 S.W.2d 383 (1983) (held inapplicable when tort of bad faith alleged); *Arkansas Valley Industries, Inc.* v. *Roberts, Judge*, 244 Ark. 432, 425 S.W.2d 298 (1968) (held inapplicable when abuse of prosecution, malicious prosecution, vexatious suit and false imprisonment were alleged); *Shultz* v. *Young*, 205 Ark. 533, 169 S.W.2d 648 (1943) (held applicable when alleged damages for physical injuries resulted from assaults); *Coca-Cola Bottling Co.* v. *Kincannon, Judge*, 202 Ark. 235, 150 S.W.2d 193 (1941) (held applicable when alleged physical pain and injury resulted from drinking from a bottle containing an insect). In the instant case, appellants failed to allege any physical injuries, and, instead, complained of great emotional stress, mental suffering, fear and apprehension for their well-being. These allegations are not ones that encompass personal injury within the meaning of § 27-610. Therefore, that statute is not applicable, and fails to localize appellants' action in Yell County.

Since neither § 27-610 nor § 27-611 applies, the venue

for appellants' action must fall within the provisions of § 27-601 Fourth (injury to real property brought where property situated) or § 27-613 (general venue law involving "other actions" brought where defendants reside). In either case, appellants must file their action in Carroll County. Because we agree the trial court correctly dismissed appellants' Yell County action, we affirm.