2010 Ark. 484

**Tasha ORR, Individually and as Court–Appointed Personal Representative of the Estate of Melvin Woodson, Jr., Deceased, Appellant**

v.

**Stephen HUDSON, M.D., and Timothy Calicott, M.D., Appellees.**

No. 09–1406.

Supreme Court of Arkansas.

Dec. 9, 2010.

---

Parker Law Firm, LTD., Eureka Springs, by: Tim S. Parker, for appellant.

Mitchell, Williams, Selig, Gates & Wood-yard, P.L.L.C., Little Rock, by: Ken Cook, Michelle H. Cauley, and Delena C. Hurst, for appellees.

PAUL E. DANIELSON, Justice.

Appellant Tasha Orr, individually and as court-appointed personal representative of the Estate of Melvin Woodson, Jr., deceased, appeals the circuit court's order dismissing her complaint against appellees Stephen Hudson, M.D., and Timothy Cali-cott, M.D. (hereinafter "the doctors"), with prejudice. Our court of appeals previously affirmed in part and reversed and remanded in part. *See Orr v. Calicott*, 2009 Ark. App. 857, 372 S.W.3d 843. However, the doctors petitioned this court for review, and we granted it. When we grant a petition for review, we consider the appeal as though it had originally been filed in this court. *See Butcher v. Beatty*, 2010

Ark. 130, 2010 WL 987048. Orr asserts four points on appeal: (1) that the circuit court erred in denying her motion to strike the doctors' motion to dismiss and amended motion to dismiss; (2) that the circuit court erred in dismissing her lawsuit against the doctors; (3) that the circuit court erred in denying her motion for sanctions under Arkansas Rule of Civil Procedure 11; and (4) that the circuit court erred in denying her motion for default judgment. We affirm the circuit court's order and vacate the opinion of the court of appeals.

In *Orr v. Calicott*, CA 05–594, 2006 WL 1165844 (Ark.App. May 3, 2006) (unpublished) (*Orr I*), the court of appeals affirmed the circuit court's dismissal of Orr's complaint for medical negligence and wrongful death, relating to the death of her infant son. The Lee County Circuit Court had, on the doctors' motion, dismissed the complaint for lack of venue, and the court of appeals affirmed, holding that venue was appropriate only in Faulkner County. Orr subsequently filed a complaint for medical negligence and wrongful death in Faulkner County Circuit Court, and the doctors moved to dismiss. In their motion, they asserted, pursuant to this court's decision in *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 362 Ark. 598, 210 S.W.3d 101 (2005), that Orr waived her right to file her complaint when she chose to appeal the Lee County Circuit Court's dismissal, rather than plead further.[1]

Orr responded, and the circuit court held a hearing on the motion, as well as on motions filed by Orr to strike the doctors' motion to dismiss, for default judgment, and for Rule 11 sanctions. The circuit court took the matter under advisement

---

1. Alternatively, they argued that even if the dismissal was considered to be without prejudice, such that the savings statute would apply, Orr failed to file her complaint within one year of the dismissal and was barred.

and later issued a letter opinion, in which it granted the doctors' motion to dismiss and denied Orr's motion for default judgment. It then entered its order of dismissal, in which it found:[2]

1. Plaintiff's cause of action was dismissed for lack of proper venue in Lee County. The Plaintiff appealed that dismissal which the Arkansas Court of Appeals affirmed. Plaintiff then refiled her same cause of action in Faulkner County Circuit Court in this case within one year of the issuance of the mandate from the Court of Appeals.

2. The Defendants' Motion to Dismiss is hereby granted. Arkansas law indicates that when a Plaintiff elects to appeal rather than to plead further when both options are available the option to plead further is waived. See *Servewell Plumbing LLC v. Summit Contractors Inc.*, 362 Ark. 598, 210 S.W.3d 101 (2005); *Cotten v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001). On this issue the court finds misplaced the Plaintiff's reliance upon the case of *West v. G.D. Searle & Co.*, 317 Ark. 525, 879 S.W.2d 412 (1994) and the writings of Newbern, David, *Arkansas Civil Practice and Procedure* (3d ed.2003) § 22–5 which state that when there is an appeal of a dismissal without prejudice which is affirmed a new claim may be filed with one year of the appellate court mandate. The Court also finds misplaced the Plaintiff's reliance upon the Doctrine of Law of the Case and the other arguments cited in her brief and at the hearing.

3. Plaintiff has waived her right to plead further in this case. Accordingly, Defendants' Motion to Dismiss is hereby granted. Plaintiff's Complaint in this case is hereby dismissed with prejudice.

4. Plaintiff's Motion for Default Judgment is hereby denied.

5. Plaintiff's Motion for Rule 11 Sanctions is hereby denied.

6. Plaintiff's Motion to Strike Defendants' Motion to Dismiss and Amended Motion to Dismiss is hereby denied.

Orr now appeals.

## I. *Motion to Strike*

For her first point on appeal, Orr argues that the circuit court erred in denying her motion to strike where the doctors raised the defense of "waiver" in their motions to dismiss, rather than in an answer. In reviewing the denial of a motion to strike, this court has used an abuse-of-discretion standard of review. *See Rodgers v. McRaven's Cherry Pickers, Inc.*, 302 Ark. 140, 788 S.W.2d 227 (1990). Here, our review of the record reveals that Orr filed her responses to the doctors' motion to dismiss and amended motion to dismiss well before filing her motion to strike, which raises issues of timeliness and waiver. *Cf.* Ark. R. Civ. P. 12(f). Accordingly, we cannot say that the circuit court abused its discretion in denying Orr's motion to strike.

## II. *Motion to Dismiss*

Next, Orr argues that the circuit court erred in dismissing her complaint, asserting that because the court of appeals affirmed the Lee County Circuit Court's dismissal without modification in *Orr I*, the Faulkner County Circuit Court was without the power to change or modify that decision by deeming the prior dismissal with prejudice. Along the same lines, Orr

---

**2.** The circuit court entered an order of dismissal on February 14, 2008, but on February 28, 2008, Orr's counsel filed a letter with the circuit court stating that he and the doctors' counsel had submitted precedents for his signature. A second order of dismissal was then entered on March 10, 2008.

contends that because her initial suit was dismissed without prejudice, and the court of appeals affirmed that decision without modification in *Orr I*, she had the right to refile in Faulkner County. She maintains that this court's decision in *Servewell, supra*, is inapplicable to her case because the court of appeals did not affirm with prejudice in *Orr I* as in *Servewell*. For these reasons, she claims that the circuit court erred in dismissing her complaint.

The doctors respond that when Orr chose to appeal the Lee County dismissal and the court of appeals affirmed, the dismissal was automatically converted into a dismissal with prejudice barring the claim forever, pursuant to *Servewell*. Alternatively, they aver that even if the dismissal of Orr's Lee County complaint was without prejudice, and thus subject to the |₅savings statute, Orr failed to commence a new action within one year after the prior dismissal.

In order to determine whether the circuit court erred in dismissing Orr's complaint, we must, as an initial matter, determine the effect of the court of appeals' affirmance in *Orr I*. In *Servewell*, this court, in clear and unmistakable terms, held that because Servewell appealed the circuit court's grant of a motion to dismiss on venue grounds rather than plead further and this court affirmed, the affirmance would not be "without prejudice." 362 Ark. at 613, 210 S.W.3d at 113. In doing so, the court observed:

Arkansas law is well settled that, when a plaintiff elects to appeal rather than plead further where both options are available, then the option to plead further is waived in the event of affirmance by the appellate court. *See, e.g., Cotten v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001) (should a plaintiff elect to appeal rather than plead further the option to plead further is waived in the event of affirmance by the appellate court); *Hunt v. Riley*, 322 Ark. 453, 909 S.W.2d 329 (1995). Here, Servewell could have taken a voluntary nonsuit prior to the trial court's dismissal of its complaint and filed the matter in Florida in accordance with the forum-selection clause. Because it elected to appeal rather than to plead the case properly in Florida, there is no basis for granting its request to make our affirmance "without prejudice."

*Id.* at 613, 210 S.W.3d at 112–13.

While Orr attempts to distinguish her case from other cases in which we have recognized this doctrine, her attempts fail. It is true that in the vast majority of cases in which we have so recognized, the prior dismissal was based upon Ark. R. Civ. P. 12(b)(6). *See, e.g., Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, 372 S.W.3d 324; *Sluder v. Steak & Ale of Little Rock, Inc.*, 368 Ark. 293, 245 S.W.3d 115 (2006); *Arkansas Dep't of Envtl. Quality v. Brighton Corp.*, 352 Ark. 396, 102 S.W.3d 458 (2003). However, the *Servewell* matter was clearly one involving venue and was one in which we held the "appeal or plead further" doctrine |₆applicable. As such, it not only has been, but remains, the law on this matter.[3]

---

**3.** At no point in her brief does Orr ask this court to overrule *Servewell*, nor will we do so. *See, e.g., Czech v. Munson*, 280 Ark. 219, 656 S.W.2d 696 (1983). Orr does, in her supplemental brief on appeal, claim that this court's decision in *Provence v. National Carriers, Inc.*, 2010 Ark. 27, 360 S.W.3d 725, is on point and refutes the doctors' argument that *Servewell*

controls. She contends that in *Provence*, this court affirmed, without prejudice, the circuit court's dismissal based on venue. She is correct that this court did affirm the order. However, she is incorrect that we did so without prejudice. The opinion simply states that the circuit court's order, which dismissed without prejudice, was affirmed. Merely be-

■ Here, Orr filed a lawsuit, which was dismissed without prejudice for lack of venue. Accordingly, pursuant to *Servewell*, she had the election to either plead further or to appeal that decision. *See also Hollingsworth v. First Nat'l Bank & Trust Co.*, 311 Ark. ·637, 846 S.W.2d 176 (1993). Orr chose to appeal rather than to plead further, and the court of appeals affirmed the dismissal in *Orr I*; because that court affirmed, the dismissal was rendered with prejudice. *See, e.g., Cotten v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001).

Orr disputes this conclusion, stating that the court of appeals' opinion merely affirmed the circuit court's dismissal and did not modify the dismissal to one with prejudice. However, we have previously rejected a similar argument. In *Sluder, supra*, we observed that when the Sluders chose to appeal the original dismissal of their complaint and this court affirmed that dismissal, it became a dismissal with prejudice; it was "irrelevant that the majority opinion did not specify as such." 368 Ark. at 299, 245 S.W.3d at 118. The same holds true here. The mere fact that the court of appeals' opinion in *Orr I* did not modify the circuit court's dismissal ₇to one with prejudice is irrelevant.

Having decided that the court of appeals' affirmance in *Orr I* rendered the dismissal one with prejudice, we turn then to whether the Faulkner County Circuit Court's dismissal of Orr's second complaint was error. It was not.

■ Where a dismissal is with prejudice, it is conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff. *See Crooked Creek, III, Inc. v. City of Greenwood*, 352 Ark. 465, 101 S.W.3d 829

(2003). Stated another way, a dismissal of a cause of action with prejudice is a final adjudication on the merits. *See Seaboard Fin. Co. v. Wright*, 223 Ark. 351, 266 S.W.2d 70 (1954). The words "with prejudice," when used in an order of dismissal, "have a definite and well known meaning; they indicate that the controversy is thereby concluded." *Crooked Creek*, 352 Ark. at 470–71, 101 S.W.3d at 833 (quoting *Harris v. Moye's Estate*, 211 Ark. 765, 767, 202 S.W.2d 360, 362 (1947)). Here, the court of appeals' affirmance in *Orr I* rendered the Lee County Circuit Court's dismissal a dismissal with prejudice, and it operated as an adjudication of the merits of Orr's claims.

■ Res judicata means that "a thing or matter has been definitely and finally settled and determined on its merits by the decision of a court of competent jurisdiction." *Beebe v. Fountain Lake Sch. Dist.*, 365 Ark. 536, 544, 231 S.W.3d 628, 635 (2006) (quoting *Hunt v. Perry*, 355 Ark. 303, 310, 138 S.W.3d 656, 659 (2003)). The doctrine, through doctrines of merger or bar, precludes relitigation of a cause of action. *See Smith v. Roane*, 284 Ark. 568, 683 S.W.2d 935 (1985). Res judicata consists of two facets, one being claim preclusion and ₈the other issue preclusion. *See Baptist Health v. Murphy*, 2010 Ark. 358, 373 S.W.3d 269. Under claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action. *See Skallerup v. City of Hot Springs*, 2009 Ark. 276, 309 S.W.3d 196. Claim preclusion bars the relitigation of a subsequent suit when five elements are met: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good

cause the opinion did not state whether our affirmance rendered the circuit court's dismissal with prejudice in no way contravenes

our decision in *Servewell*. Accordingly, Orr's reliance on *Provence* is misplaced.

faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *See Council of Co–Owners v. Glyneu, LLC,* 367 Ark. 397, 240 S.W.3d 600 (2006).

▬ All five elements were met in the instant case. First, as already noted, the dismissal with prejudice of Orr's initial complaint operated as an adjudication of the merits on Orr's claims. Second, the Lee County Circuit Court had jurisdiction over the first suit. Third, the doctors' motion to dismiss for venue was a good-faith contest of Orr's initial complaint. Fourth, both suits involved Orr's claims for medical malpractice and wrongful death. And fifth, both suits involved the same parties. For these reasons, Orr was barred by the doctrine of res judicata from bringing suit against the doctors, and we hold that the circuit court did not err in granting the doctors' motion to dismiss. In addition, because we so hold, it is clear to this court that the circuit court did not abuse its discretion in denying Orr's motions for sanctions and default judgment. Accordingly, the circuit court's order is affirmed, and we vacate the opinion of the court of appeals.

|9Affirmed; court of appeals' opinion vacated.

WILLS, J., concurs in part and dissents in part.

ELANA CUNNINGHAM WILLS, Justice, concurring in part and dissenting in part.

I concur in Part I of the majority opinion as to the untimeliness of the appellant Tasha Orr's motion to strike, but I must respectfully dissent from Part II of the majority opinion regarding the dismissal of Orr's complaint. In my view, our case law imposing a waiver of the right to plead further after an affirmance of the granting of a Rule 12(b)(6) motion to dismiss should have no application to venue dismissals pursuant to Rule 12(b)(3). I believe the facts of *Servewell Plumbing, LLC v. Summit Contractors, Inc.,* 362 Ark. 598, 210 S.W.3d 101 (2005), are mostly distinguishable from the case at bar, rendering the discussion of waiver in that case dicta. To the extent *Servewell* is not distinguishable, I believe its conclusion that an affirmance on appeal after a dismissal for improper venue waives the cause of action is, as the court of appeals put it, "mistaken." I therefore respectfully dissent.

The origin of the rule imposing a waiver of the right to plead further after the appeal of the granting of a motion to dismiss appears to be found in the case of *Arkhola Sand & Gravel Co. v. Hutchinson,* 291 Ark. 570, 726 S.W.2d 674 (1987) (*Arkhola II* ). In *Arkhola,* the plaintiff-appellant, Arkhola, a supplier of sand and gravel, attempted to sue on a materialman's lien. Suit was brought against the owners of the property and the contractors who constructed the improvements. The owners moved to dismiss because the property |10description in the lien was insufficient. The circuit court agreed and dismissed the complaint as to the owners. Arkhola appealed and the appeal was dismissed for lack of a final order. *Arkhola Sand & Gravel v. Hutchinson,* 289 Ark. 313, 711 S.W.2d 474 (1986) (*Arkhola I*).[1] Arkhola thereafter procured a certificate pursuant to Arkansas Rule of Civil Procedure 54(b) and appealed again.

On the subsequent appeal in *Arkhola II,* Arkhola argued that, if its description was

---

**1.** The complaint had not been dismissed as to two other defendants (the contractors). *Ark-* *hola I,* 289 Ark. 313, 711 S.W.2d 474.

indeed found to be insufficient, it should be allowed to present extrinsic evidence to show that the description was adequate. This court agreed in principle, noting that the initial deficiency in the description would not necessarily have precluded Arkhola from using extrinsic evidence to show that the description was adequate. The court concluded, however, that because Arkhola had appealed the circuit court's dismissal of its complaint, rather than pleading further, it "waived its opportunity to plead further," stating:

We agree with Arkhola to the extent that it could have pled further to show by extrinsic evidence the description was sufficient. Arkhola's deficiency was failure to state a claim and the trial court did not look beyond the pleadings to reach its decision. Nor were there any matters outside the pleadings presented to the trial court on this issue. *See* ARCP Rule 12(b)(8). Accordingly, *the trial court correctly granted the motion to dismiss without any mention of prejudice* to Arkhola, and Arkhola *had an election at that time whether to plead further or appeal. See Ratliff* [*v. Moss,* 284 Ark. 16, 678 S.W.2d 369 (1984) ]. . . . Arkhola's actions, however, have precluded that possibility.

Arkhola did not plead further but elected instead to appeal to this court. . . . We declined to hear the case as it was not a final order under ARCP Rule 54(b). Arkhola then sought a final order form the trial court pursuant to Rule 54(b) and appealed again, which is the case now before us challenging the finding that the description was insufficient. Arkhola has now waived its opportunity to plead further and when the case was resubmitted to the

trial court for a final judgment under 54(b), it was properly dismissed with prejudice.

*Arkhola II,* 291 Ark. at 573–74, 726 S.W.2d at 676 (emphasis added).

The *Arkhola II* court relied upon the decision in *Ratliff v. Moss,* 284 Ark. 16, 678 S.W.2d 369 (1984). In *Ratliff,* the plaintiff filed a tort complaint that did not contain any allegations of negligence. The defendant moved to dismiss for failure to state facts, and then filed a motion for summary judgment. The plaintiff then filed an amended complaint, but the trial court granted the defendant's motion for summary judgment and dismissed the complaint because it "contain[ed] conclusions, not particulars." *Ratliff,* 284 Ark. at 17, 678 S.W.2d at 370. On appeal, this court agreed that the complaint failed to state facts upon which relief could be granted. *Id.* at 18, 678 S.W.2d at 371. The court held, however, that the dismissal by the trial court should have been on that basis, rather than on summary judgment, and should have been without prejudice:

If that procedure had occurred, *the plaintiff would have had an election on whether to plead further or appeal.* However, the dismissal order recites that it is on summary judgment and so plaintiff was never afforded a chance to plead further. Accordingly, we modify the order of the lower court to the extent that the dismissal is without prejudice.

*Id.* at 18–19, 678 S.W.2d at 371 (emphasis added).[2]

This court later expanded on this principle in *West v. Searle & Co.,* 305 Ark. 33, 806 S.W.2d 608 (1991):

**2.** *See also* Ark. R. Civ. P. 12(j) ("Attorneys will be notified of action taken by the court under this rule, and, if appropriate, the court will designate a certain number of days in which a party is to be given to plead further.").

[S]ummary judgment based upon a failure to state a claim upon which relief can be granted is different from summary judgment based upon a lack of disputed material facts, which results in a party's entitlement to the judgment as a matter of law. The first is the failure to *state* a claim, the second is the failure to *have* a claim. . . . When summary judgment is granted upon failure to *have* a claim, and the ruling is affirmed on that basis, the matter is ended with prejudice. . . . However, when summary judgment is granted in the trial court because of failure to *have* a claim, but is affirmed on the basis of failure to *state* a claim, we modify to make the dismissal without prejudice in order to afford the plaintiff-appellant a chance to plead further. *Ratliff v. Moss,* 284 Ark. 16, 678 S.W.2d 369 (1984).

*Id.* at 36, 806 S.W.2d at 610 (emphasis in original).

Thus, if a plaintiff-appellant is wrongly prevented from having the option to plead further, this court will modify a circuit court's grant of summary judgment to a dismissal without prejudice to give the plaintiff that opportunity. *Id.*

In *Arkhola II,* the court relied on the language in *Ratliff, supra,* and noted that, as distinguished from the facts of *Ratliff,* the circuit court's dismissal in *Arkhola I* was proper for failure to state a claim, was granted purely on the pleadings, and no matters outside the pleadings were considered. The plaintiff was thus not deprived of its option to either plead further below or appeal. That being the case, the *Arkhola* court then interpreted the two options discussed in *Ratliff* as mutually exclusive—that is, if the plaintiff chooses to

appeal, he waives the right to plead further. The *Arkhola II* court also emphasized that when the first appeal by Arkhola was dismissed for lack of a final order, Arkhola went back to the circuit court and obtained a final judgment dismissing the claim, and that dismissal was *properly entered with prejudice. Arkhola II,* 291 Ark. at 574, 726 S.W.2d at 676. Arkhola had elected to stand on its complaint, thus foreclosing its option to plead further. The matter was, at that point, transformed into a final ruling on the merits, and an affirmance on appeal was therefore with prejudice. We have repeated this principle in a number of other cases, usually discussing Rule 12(b)(6) dismissals and relying on the *Arkhola* decision. *See Hollingsworth v. First Nat'l Bank & Trust Co.,* 311 Ark. 637, 846 S.W.2d 176 (1993); *Hunt v. Riley,* 322 Ark. 453, 909 S.W.2d 329 (1995); *Cotten v. Fooks,* 346 Ark. 130, 55 S.W.3d 290 (2001); *Ark. Dep't of Envtl. Quality v. Brighton Corp.,* 352 Ark. 396, 102 S.W.3d 458 (2003); and *Sluder v. Steak & Ale of Little Rock, Inc.,* 368 Ark. 293, 245 S.W.3d 115 (2006).

In my view, these principles of law do not apply in the context of the grant of a Rule 12(b)(3) motion to dismiss for improper venue. The granting of the 12(b)(3) motion, in my view, is not a decision on the merits; it is a dismissal without prejudice; and it is a final order for purposes of appeal even though entered without prejudice. *See Provence v. Nat'l Carriers, Inc.,* 2010 Ark. 27, 360 S.W.3d 725 (affirming circuit court's granting of motion to dismiss for improper venue "without prejudice" and making no mention of the lack of a final order).[3]

**3.** The majority concludes that *Provence* merely "affirmed" the circuit court's ruling without stating whether it was with or without prejudice. The majority ignores the concluding clause of the first paragraph of *Provence,* which states that "we affirm the dismissal of appellants' complaint *without prejudice.*"

Because a dismissal for lack of proper venue is not a determination on the merits, it does not have preclusive res judicata effect. *See, e.g., Parrish v. Marquis,* 137 S.W.3d 621 (Tenn.2004) (dismissal for lack of venue is not a dismissal on the merits and permits plaintiffs⌊₁₄to refile their action in the proper county before the statute of limitations has expired);[4] *Smith v. St. Vil,* 714 So.2d 603, 605 (Fla.Dist.Ct. App.1998) (dismissals for improper venue are not on the merits and should not contain the words "with prejudice" because "[w]hen these problematic words are used incorrectly, they ... cause confusion as to whether a subsequent suit is barred by the doctrine of res judicata") (citing *North Shore Realty Corp. v. Gallaher,* 99 So.2d 255 (Fla.Dist.Ct.App.1957) (it is not the inclusion of the words "with prejudice" which determine whether a dismissal is res judicata, but rather whether the order actually was an adjudication on the merits)). *See also Res judicata effect of judgment dismissing action, or otherwise denying relief, for lack of jurisdiction or venue,* 49 A.L.R.2d 1036 ("Since a judgment based on ... improper venue is not on the merits, it is obvious that such a judgment does not extinguish the cause of action and does not bar the plaintiff from maintaining another action on the same cause ... in the proper district or county."); *Restatement (Second) of Judgments* § 49 (1982) ("Where a valid and final personal judgment not on the merits is rendered in favor of the defendant, the plaintiff is not thereby precluded from thereafter maintaining an action on the original cause of action and the judgment is conclusive only as to what is actually decided"); and *cf.* Fed.R.Civ.P. 41(b) ("Unless the dismissal order states otherwise, a⌊₁₅dismissal under this subdivision ... *except one for* lack of jurisdiction, *improper venue,* or failure to join a party ... operates as an adjudication on the merits") (emphasis added). *See also Sunwest Bank of Albuquerque v. Nelson,* 125 N.M. 170, 958 P.2d 740, 742 (1998) (dismissal without prejudice for improper venue is a final order for purposes of appeal and this conclusion is consistent with a majority of jurisdictions addressing the issue).

On the other hand, a dismissal for failure to state a claim, *without leave to plead further, is* an adjudication on the merits. *See, e.g., Ahmed v. United States,* 147 F.3d 791, 797 (8th Cir.1998) (citing *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)); *Conservation Council of W. Australia, Inc. v. Aluminum Co. of Am.,* 518 F.Supp. 270, 273 (D.C.Pa.1981) (dismissal for failure to state a claim, if sustained without leave to plead further, is a disposition on the merits); *Highmark W. Va., Inc. v. Jamie,* 221 W.Va. 487, 655 S.E.2d 509, 512 (2007) (dismissal for failure to state a claim "with prejudice" was consistent with the entry of judgment pursuant to Rule 54(b), as the possibility of pleading further would have made an appeal inappropriate).

---

2010 Ark. 27, at 1, 360 S.W.3d at 725 (emphasis added).

**4.** Here, as the circuit court found, Orr refiled her complaint in Faulkner County within one year of the issuance of the mandate from the court of appeals. *See* Ark. R. Civ. P. 41(b) (a dismissal under this rule is without prejudice to future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily); Ark.Code Ann. § 16–56–126 (Repl.2005); *West v. G.D. Searle & Co.,* 317 Ark. 525, 527, 879 S.W.2d 412, 413 (1994) (a dismissal of a complaint on a defendant's motion is the same as a nonsuit, and a plaintiff has one year from the date that dismissal becomes final—in that case, the date of the mandate—to commence a new action).

Accordingly, I disagree with the majority that affirmance on appeal transforms a venue dismissal into one on the merits and thus renders it "with prejudice." Our rule barring further pleading after affirmance on appeal of a Rule 12(b)(6) dismissal should have no application to a determination that venue was improper.

This court's holding in *Servewell Plumbing, LLC v. Summit Contractors, Inc., supra,* is largely consistent with the principles discussed above. In *Servewell,* appellant Servewell Plumbing was the plumbing subcontractor in an apartment complex development. The prime contractor was Summit Contractors, and the developer of the complex was the Gables of Maumelle ("the Gables"). Servewell originally sued Summit and the Gables for breach of contract for refusal to pay for work done, asserting that the property was subject to a materialman's lien. Servewell also alleged that the Gables had been unjustly enriched. *Servewell,* 362 Ark. at 601, 210 S.W.3d at 104. Summit moved to dismiss the complaint due to lack of jurisdiction and venue, based on a forum-selection clause in the contract designating Florida as the exclusive venue. The Gables eventually filed an amended answer incorporating a motion for judgment on the pleadings, asserting that Servewell's lien was untimely and void. Summit posted a labor and material payment bond and, shortly thereafter, filed a motion to dismiss pursuant to Ark. R. Civ. P. 12(b)(3) for lack of venue, again pointing to the forum-selection clause. *Id.* Summit also filed a motion seeking to dismiss Gables from the lawsuit, alleging that Servewell's lien was untimely and the bond posted by Summit caused the lien to be discharged. *Id.* at 601–02, 210 S.W.3d at 104.

The circuit court, after a hearing, granted Summit's motion to dismiss on venue grounds, citing the forum selection clause. It also granted the Gables' motion for judgment on the pleadings, finding that Servewell had defaulted by not filing a separate response to that motion, and alternatively finding that the posting of the bond mooted the lien claim. *Id.* at 602, 210 S.W.3d at 104–05. Servewell filed a second amended complaint alleging a timely lien. The Gables and Summit again moved to dismiss the complaint, Summit again raising the forum-selection clause, and the circuit court granted Summit's motion. *Id.* at 602, 210 S.W.3d at 105.

On appeal, most of the claims in *Servewell* were disposed of on the merits and were properly barred "with prejudice." For example, this court found that the Gables' motion for judgment on the pleadings as to the timeliness of the lien claim was converted to summary judgment, and Servewell defaulted by not responding in a timely fashion. Servewell thus failed to "meet proof with proof" on that issue. *Id.* at 609–10, 210 S.W.3d at 110–11. That was a determination on the merits. This court also noted that Servewell's arguments as to the timeliness of its lien filing were "without merit"—the lien was untimely. *Id.* at 610, 210 S.W.3d at 111. That was a determination on the merits. In addition, because Summit had posted the necessary bond, this court stated that "Servewell had recourse only against the principal [Summit] and surety on the bond" and was "left with no claim against the Gables." *Id.* at 611–12, 210 S.W.3d at 111. That was a determination on the merits. This court also noted that the unjust-enrichment claim against the Gables was properly dismissed "on the grounds that the express contract between Servewell and Summit barred Servewell from asserting an unjust-enrichment claim." *Id.* at 612, 210 S.W.3d at 112. That was a determination on the merits.

Each of these issues was a merits-based determination and the disposition of the appeal as to them was properly "with prejudice." The plaintiff failed to "have a claim" on these issues. *See West v. Searle & Co., supra.* The only remaining claim that was not disposed of on the merits was the breach-of-contract action against Summit. The circuit court held, and this court agreed, that the forum-selection clause in the contract between Summit and Servewell, designating Florida as the proper venue, was applicable and enforceable, because Servewell's |₁₈lien was untimely and the action was thus not one in rem, which could have only been heard in Arkansas. The final paragraphs of the *Servewell* opinion provide as follows:

> Finally, Servewell asks this court that, in the event we affirm the trial court's rulings, we do so without prejudice to Servewell's claims. It argues that the merits of its complaint have never been heard, because the matter below was decided primarily on the basis of the venue clause. For that reason, Servewell asks that, in the event this court affirms, "such ruling be made without prejudice to Servewell's right to pursue its claims in Florida."
>
> However, Arkansas law is well settled that, when a plaintiff elects to appeal rather than plead further where both options are available, then the option to plead further is waived in the event of affirmance by the appellate court. Here, Servewell could have taken a voluntary nonsuit prior to the trial court's dismissal of its complaint and filed the matter in Florida in accordance with the forum-selection clause. Because it elected to appeal rather than to plead the case properly in Florida, there is no basis for granting its request to make our affirmance "without prejudice."

*Id.* at 613, 210 S.W.3d at 112–13 (citations omitted).

It is clear that as to most of the claims disposed of in *Servewell,* this language was dicta. As discussed above, most of the claims were disposed of on the merits and were properly dismissed with prejudice. There was no need to also conclude that they were waived by the failure to plead further. To the extent the breach of contract claim against Summit was disposed of only on the basis of improper venue, like the court of appeals, I believe the application of the waiver rule to a venue dismissal was inappropriate. A plaintiff suffering a 12(b)(3) venue dismissal in Arkansas has a long-held right to appeal that determination. *See McCutchen v. Ark. State Police,* 2009 Ark. 204, 307 S.W.3d 582 (affirming, post-*Servewell,* dismissal of Sebastian County action against Arkansas State Police and stating that "the proper place of venue in this case is Pulaski County"); *Tilmon v. Perkins,* 292 Ark. 553, 731 S.W.2d|₁₉212 (1987) (affirming dismissal of Yell County action and stating that appellants must file their action in Carroll County); *Odell v. Ark. Gen. Indus. Co.,* 288 Ark. 356, 705 S.W.2d 438 (1986) (affirming dismissal of Jackson County action and concluding that venue must be where the defendant resides); *Fuller v. Robinson,* 279 Ark. 252, 650 S.W.2d 585 (1983) (affirming dismissal of Woodruff County action and concluding that Cross County, not Woodruff County, was the proper venue). As indicated by these decisions, an affirmance on appeal does not preclude further proceedings in the proper venue. *See also Provence, supra; Atkins Pickle Co. v. Burrough–Uerling–Brasuell Consulting Eng'rs,* 275 Ark. 135, 628 S.W.2d 9 (1982) (affirming circuit court's second venue dismissal after circuit court's first venue dismissal was affirmed by the court of appeals).

The appellees in this case argue, and the majority apparently agrees, that application of the waiver rule in venue cases is necessary to prevent "limitless appeals when dealing with venue," in that a "plaintiff could repeatedly file her lawsuit in an improper venue, get her case dismissed without prejudice, appeal the dismissal, refile in another improper venue, and repeat the entire cycle." I fail to see the real profit from pursuing such a course, or that rectifying this imaginary concern should take precedence over the very real right to appeal a venue dismissal. The majority has effectively eviscerated the latter right and, as a consequence, I respectfully dissent.