Melanie Robinson FULLER *v.* Steve Allen ROBINSON

82-284                                    650 S.W.2d 585

Supreme Court of Arkansas
Opinion delivered May 23, 1983
[Rehearing denied June 13, 1983.]

*Sharp & Morledge, P.A.,* by: *Fletcher Lewis,* for appellant.

*Kinney, Easley & Kinney,* for appellee.

FRANK HOLT, Justice. This is a custody dispute between the natural parents of Stephen Jeremy Robinson. This action was brought by Jeremy's mother, the appellant. The only issue presented is whether venue is limited to the Cross County Court or whether the Woodruff County Court may determine custody.

The appellant and the appellee divorced in January 1974 after three years of marriage. Appellant was awarded

custody of their infant daughter Stephanie. They began living together again in August 1974 without remarrying. Jeremy was born on May 20, 1975. It is undisputed that the appellee is the natural father. In May 1977 the appellant and the appellee separated. The appellant moved to Florida, taking Stephanie, of whom she had legal custody, and Jeremy with her. Both parties subsequently married other persons. In May 1981 Jeremy came to Arkansas for his usual summer visit in his father's home in Cross County. At the end of the summer, Jeremy, then six years of age, was enrolled by his father in the first grade in the Wynne public schools. The father filed a petition for guardianship of Jeremy in the probate court of Cross County. On January 14, 1982, the probate court entered a temporary order awarding legal custody to the appellee, Jeremy's acknowledged father, and enjoining the appellant from interfering with custody or removing Jeremy from Arkansas pending a hearing to be held on March 10, 1982. In violation of that order, the appellant removed Jeremy from Arkansas to Florida on February 4, 1982. Appellee went to Florida, where he regained physical custody of Jeremy, returned him to Arkansas, and placed him in school. The Cross County Probate court appointed the appellee, whom he found was Jeremy's "acknowledged natural father," as guardian of the person and estate of Jeremy, holding that the fact that Jeremy is illegitimate is irrelevant to a proceeding to appoint a guardian of his estate and person. The probate court also held that issues of custody, support and visitation should remain with the county court and that Jeremy was a resident of Cross County, Arkansas. There was no appeal from this order.

Appellee and her present husband moved to Woodruff County, Arkansas. Subsequently, on July 28, 1982, as a resident of this county, appellant filed this action there in county court for legal custody. The appellee moved to dismiss for lack of jurisdiction and venue. Appellee also filed an action in Cross County Court for Jeremy's legal custody. The Woodruff County Court held that it had jurisdiction and venue and awarded custody to the appellant's parents, the maternal grandparents of Jeremy. On appeal the circuit court reversed, holding that venue prop-

erly lies in Cross County and not in Woodruff Conty, and dismissed the action. Appeal is taken from that order. The only issue presented on appeal is whether venue lies in Woodruff County Court.

The circuit court of Woodruff County found that Jeremy resided in Cross County and that the probate court of that county had previously so found, there being no appeal from that decision. We cannot set aside this finding of fact by the circuit court unless it is clearly erroneous (clearly against the preponderance of the evidence). ARCP Rule 52 (a). On the record before us, this finding is not clearly erroneous.

The appellant argues that, even if Jeremy is a resident of Cross County, the county court of Woodruff County also had venue in this action. She argues venue in a custody case, as here, is transitory in nature and could be in the county of the residence of the illegitimate child, the county of the mother's residence, or the county of the father's residence. In support of her argument she cites as authority 10 C.J.S. Bastards § 57; Ark. Stat. Ann. § 34-702 (Repl. 1962); Ark. Stat. Ann. § 34-713 (Repl. 1962); Ark. Stat. Ann. § 34-716 (Supp. 1981). Although each of these authorities relates in some way to bastardy proceedings, none of them specifically fixes venue for actions to determine custody of illegitimate children.

A comparison of Ark. Stat. Ann. §§ 34-716 and 34-718 (Supp. 1981), enacted in the same legislative session, demonstrates that the legislature intended to limit venue in a suit for custody of an illegitimate child to the county wherein the child resides. Section 34-716 provides:

> SUIT BY FATHER TO DETERMINE PATERNITY OF ILLEGITIMATE CHILD. — Any man alleging to be the father of an illegitimate child may petition the County Court *wherein the mother resides or wherein the child resides* for a determination of the paternity of the illegitimate child. The Court may determine the paternity of the child and may order the father to make periodic payments for support of the child. [Acts 1981, No. 664, § 1, p. ___]. (Italics supplied.)

In contrast, § 34-718 provides:

> CUSTODY OF ILLEGITIMATE CHILD. — (a) A father, provided he has established paternity in a court of competent jurisdiction, *or a mother* of an illegitimate child, may petition the county court *wherein the child resides* for custody of the child . . . . [Acts 1981, No. 665, § 1, p. ___]. (Italics supplied.)

The fact that the legislature provided for venue in two counties in § 34-716, which governs suits brought by a father to determine paternity, but only one county in § 34-718, which is the sole statute fixing venue in suits for custody of illegitimate children, demonstrates that § 34-718 was intended to limit venue in custody actions to the county wherein the child resides. Consequently, as the trial court held, Cross County, not Woodruff County, is the proper venue for an action to determine custody of Jeremy, whether brought by the father, provided he has established paternity, or the mother, as here.

Affirmed.