2012 Ark. App. 563

**Tracy M. STANDRIDGE, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 12–25.**

Court of Appeals of Arkansas.

Oct. 10, 2012.

Ogles Law Firm, P.A., Jacksonville, by: John Ogles, for appellant.

Dustin McDaniel, Att'y Gen., by: Valerie Gover Fortner, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Tracy Standridge appeals from a decision of the Baxter County Circuit Court in which his probation was revoked on the basis of his commission of a felony. Appellant does not challenge the

sufficiency of the evidence supporting the revocation; rather, he contends that the underlying order of protection was void and that all subsequent related prosecutions should have been dismissed because the trial court lacked subject-matter jurisdiction. He also argues that the trial court erred in denying his request to disqualify the Baxter County Deputy Prosecuting Attorney that was involved in the case. We affirm.

### I. Validity of Original Judgment and Commitment Order Placing Appellant on Probation

In August 2007, Carolyn Woods obtained a protective order against appellant. That two-year order expired in August 2009, at which time she filed a petition asking for another protective order. Appellant also filed a counterpetition for a protective order against Ms. ₂Woods. Those matters originally were set for a hearing on October 21, 2009, but the case was continued because several witnesses who had been subpoenaed did not appear. At the end of that hearing, the trial court told both parties that the case would be set for November 3, 2009.

Again, on November 3, 2009, none of the witnesses appeared, and the trial court continued the matter to another date. However, the trial court apparently did not mention a date when the next hearing would be held, stating ". . . it probably won't be in the last week of November, it will probably have to be in the first week of December." The trial court concluded, ". . . we are going to get a date set and I will send them each [the parties] notice to be present at the hearing."

Notices were sent out, but appellant claims that he was never served, and he was not present at the final hearing on December 1, 2009. At that time, the trial court held appellant in default and granted Ms. Woods the protective order she had requested. During that hearing, there was no mention of the trial court looking through the file to determine if the notices had been properly served. In fact, the day after the hearing the return of service from the sheriff's department indicated that the notice to appellant was returned "unserved."

On March 4, 2010, appellant was charged with violation of the protective order (second offense), a Class D felony. On April 29, 2010, he entered into a plea agreement on that charge and was sentenced to a term of six years supervised probation and was required to pay $1,120 in fines and fees. A judgment and commitment order was entered the next day, on April 30, 2010, memorializing the plea agreement.

₃On September 8, 2010, appellant was again arrested for violating the order of protection. On September 9, 2010, the State filed a petition to revoke his probation that resulted from the April 30, 2010 judgment and disposition order.

While the matter was proceeding, appellant filed a writ of error coram nobis, alleging that the order of protection dated December 1, 2009, was entered without notice to him and that it was, thus, void. He argued that, because the order was void, there was no order of protection that he could have violated. Because he had already pled guilty to that charge, he determined that the only possible avenue to "ensure justice was done" and to protect his rights was to obtain the writ of error coram nobis. His request for a writ was twice denied.

On August 12, 2011, a jury trial was held on the substantive charge arising out of appellant's September 8, 2010 arrest. After the evidence was presented, the jury returned a finding of guilt of violation of a

protective order. Following that jury trial, the trial court immediately convened a hearing on the petition for revocation of probation, found that appellant had violated the terms of his probation by being found guilty of another criminal offense, and ordered his probation revoked. All of this was memorialized in a revocation judgment and commitment order entered on August 17, 2011. Appellant was sentenced to an additional thirty months in the Arkansas Department of Correction to run consecutive to the sentence the jury had given him in docket number CACR 2010–218 (now pending as an appeal in docket number CACR 2012–23). Appellant timely filed his notice of appeal on September 9, 2011.

■ The statute that appellant has twice been accused of violating is Arkansas Code Annotated section 5–53–134 (Supp. 2011), which provides in relevant part:

(a)(1) A person commits the offense of violation of an order of protection if:

(A) A circuit court or other court *with competent jurisdiction* has issued a temporary order of protection or an order of protection against the person pursuant to The Domestic Abuse Act of 1991, § 9–15–101 et seq.;

(B) The person has *received actual notice or notice pursuant to the Arkansas Rules of Civil Procedure* of a temporary order of protection or an order of protection pursuant to The Domestic Abuse Act of 1991, § 9–15–101 et seq.;

. . .

(b)(1) Except as provided in subdivision (b)(2) of this section, violation of an order of protection under this section is a Class A misdemeanor.

(2) Violation of an order of protection under this section is a Class D felony if:

. . .

(B) The order of protection was issued *after a hearing of which the person received actual notice and at which the person had an opportunity to participate.*

(Emphasis added.) Appellant maintains that the emphasized portions of the statute come into play in this case because the order of protection itself does not comport with the requirements of the law because it was issued after a hearing held without appellant receiving actual notice or an opportunity to participate therein.

Arkansas Code Annotated section 9–15–204 (Repl.2009) provides:

(a)(1) When a petition is filed pursuant to this chapter, the court shall order a hearing to be held on the petition for the order of protection not later than thirty (30) days from the date on which the petition is filed or at the next court date, whichever is later.

. . .

(b)(1) Service of a copy of the petition, the ex parte temporary order of protection, if issued, *and notice of the date and place set for the hearing described in subdivision (a)(1) of this section shall be made upon the respondent:*

(A) At least five (5) days before the date of the hearing; and

(B) In accordance with the applicable rules of service under the Arkansas Rules of Civil Procedure.

(Emphasis added.) Appellant claims that there was no compliance with this statute before the entry of the order of protection. Finally, Arkansas Code Annotated section 9–15–209 (Repl.2009) states:

Any order of protection issued by the circuit court pursuant to a petition filed as authorized in this chapter may be modified upon application of either par-

ty, *notice to all parties,* and a hearing thereon.

(Emphasis added.)

Appellant alleges that the order of protection is void and was not issued in conformity with the law. Accordingly, he maintains that it is impossible for him to have violated section 5–53–134 and that his first sentence and all subsequent sentences for having violated that statute are illegal and void.

■ Appellant contends that, had it been known at the time of his first prosecution for violation of a protective order that the order of protection itself was void, there could not have possibly been a conviction. He urges that the same holds true for the second prosecution and that this case is a perfect fit for a writ of error coram nobis. *See Jones v. Vowell,* 99 Ark. App. 193, 258 S.W.3d 383 (2007).

We disagree. The State correctly notes that amendment 80, section 6 of the Arkansas Constitution provides circuit courts jurisdiction over all justiciable matters, including criminal prosecutions. The Baxter County Circuit Court had jurisdiction over any criminal act within its borders, and by his own admission, appellant committed the criminal act of violating an order of protection in Baxter County. Although appellant contends that a jurisdictional defect prevented the entry of judgment, his argument is really a challenge to the sufficiency of the evidence that he committed the crime of violating an order of protection—specifically, the element of knowledge of the order.

■ In order to commit the crime of violating an order of protection, (1) an order of protection must exist, (2) a person must have had notice of the order, and (3) the person must have knowingly violated a condition of the order. Ark.Code Ann. § 5–53–134. When appellant entered his plea of guilty, he waived any claim that the evidence was insufficient to sustain the judgment. *E.g., Christopher v. Hobbs,* 2011 Ark. 469, 2011 WL 5248220 (per curiam). A guilty plea is inherently an admission of all of the elements of the charges and constitutes a waiver of any defense that might have been raised at the trial of the charges. *Rhoades v. State,* 2010 Ark. App. 730, 379 S.W.3d 659. By pleading guilty, appellant admitted that he knew the order existed, an element of the crime, and that he knowingly violated it.

While there is a passing reference in the record that no action was ever taken from a petition to set aside the order of protection in DR 2005–79, we note that appellant never sought a writ of mandamus in that matter. He likewise did not seek to appeal the entry of the order of protection, did not raise the lack of notice before entering his guilty plea in CR 2010–57, nor did he appeal the judgment following the plea in that case. Having let the time and methods of directly challenging the order of protection run, appellant attempted to correct an alleged defect through a writ of error coram nobis.

■ The writ is an extraordinarily rare remedy available only to address fundamental errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Thomas v. State,* 367 Ark. 478, 241 S.W.3d 247 (2006). Because the time for and methods of appeal had run in both DR 2005–79 and CR 2010–57 when he alleged the notice discrepancy, appellant attempted to obtain relief through a writ of error coram nobis. We hold that this is not the proper circumstance for that remedy; accordingly, the circuit court did not abuse its discretion in denying that petition.

## II. *Disqualification of Deputy Prosecutor*

At the same time that appellant was seeking error coram nobis relief, he also asked the circuit court to disqualify Baxter County Deputy Prosecuting Attorney Chris Carter. It is undisputed that prior to these proceedings appellant called Mr. Carter at his office and cursed and threatened him. As a result, appellant was charged with disorderly conduct, but that charge was dismissed pursuant to the plea agreement in CR 2010–57. Mr. Carter apparently wrote at least one accusatory letter to appellant, and appellant claims that it cannot be said that Mr. Carter had an appropriate frame of mind when it came to his zeal to prosecute appellant and have him punished. He asked that Mr. Carter be disqualified from prosecuting this case.

The State filed a response to appellant's motion. At the hearing on the motion, Mr. Carter did not deny that he was a past victim, stating that as per a negotiated plea in CR 2010–57 the past charge was not filed. Mr. Carter offered a tape recording of the alleged crimes and invited the trial court to listen to the recording. After hearing argument on appellant's motion, the motion was denied.

The law does not require that a trial court disqualify a duly-elected prosecutor unless there is some evidence of specific misconduct. *Avery v. State*, 93 Ark.App. 112, 217 S.W.3d 162 (2005). A trial court's decision to disqualify an attorney will be reviewed under an abuse-of-discretion standard. *Wilburn v. State*, 346 Ark. 137, 56 S.W.3d 365 (2001). Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004).

Appellant notes that prosecutors are quasi-judicial officers, who are supposed to serve in the distinctive role of disinterested and impartial public advocates. He cites several cases from other jurisdictions regarding broad policy arguments regarding the need for prosecutors to act impartially in prosecutorial actions and circumstances requiring disqualification. *See State v. Robinson*, 143 N.M. 646, 179 P.3d 1254 (N.M.Ct.App.2008); *State v. King*, 956 So.2d 562 (La.2007); *State v. Gonzales*, 138 N.M. 271, 119 P.3d 151 (2005); *State v. Cope*, 30 Kan.App.2d 893, 50 P.3d 513 (2002); *State v. Hill*, 88 N.M. 216, 539 P.2d 236 (N.M.Ct.App.1975); *State v. Chambers*, 524 P.2d 999 (N.M.Ct.App.1974); *State v. Cox*, 246 La. 748, 167 So.2d 352 (1964); and *State v. Tate*, 185 La. 1006, 171 So. 108 (1936).

Appellant submits that courts recognize two primary policy considerations underlying the disqualification of prosecuting attorneys for a conflict of interest. The first policy served by the rule is fairness to the accused. The second policy served by disqualification of a prosecuting attorney for conflict of interest is the preservation of public confidence in the impartiality and integrity of the criminal justice system. Appellant points out that no finding of intentional misconduct on the prosecutor's part is necessary to establish a conflict of interest. *Young v. United States ex rel. Vuitton et Fils S.A*, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987).

Appellant's argument and citations to several other jurisdictions as authority to support broad policy arguments regarding the need for prosecutors to act impartially were not made below; therefore, they are not preserved for appeal. *Flowers v. State*, 92 Ark.App. 337, 213 S.W.3d 648 (2005).

Additionally, appellant has presented no evidence of misconduct by Mr. Carter or that he acted unfairly; therefore, we hold that the trial court did not abuse its discretion in denying appellant's motion to disqualify Mr. Carter. Simply because Mr. Carter had prior experiences with appellant did not mean that he could not, and did not, fairly represent the State and exercise sound professional judgment in prosecuting appellant for his violation of probation and violating an order of protection.

Finally, we hold that appellant's contention that Mr. Carter should have been disqualified because at one unidentified point in the past Mr. Carter had presided over his case in some unknown capacity is without merit. Appellant is essentially arguing that Mr. Carter had a conflict of interest. The cornerstone principle in all conflict cases is whether prejudice will result because of the conflict of interest. *Wilburn, supra.* That prejudice must be real and have some demonstrable detrimental effect and not merely be abstract or theoretical. *Id.* Here, appellant has not only failed to establish a conflict of interest but has also shown no demonstrable detrimental effect. There is no evidence before us that appellant was a victim of overzealous prosecution motivated by Mr. Carter's alleged bias. Appellant's prosecution was prompted by his continued engagement in criminal behavior by repeatedly violating an order of protection. The trial court did not err in denying appellant's motion to disqualify Mr. Carter; accordingly, we affirm.

Affirmed.

PITTMAN and ROBBINS, JJ., agree.