FILED
COURT OF APPEALS
DIVISION II

2014 NOV 25 AM 11: 24

STATE OF WASHINGTON
BY_____
                DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>EDDIE LEE TRICE,<br><br>Appellant. | No. 44808-4-II<br><br><br>UNPUBLISHED OPINION |

MAXA, J. — Eddie Lee Trice appeals the calculation of his offender score for sentencing, alleging that the trial court erred by (1) counting two points for his 1989 Arkansas aggravated robbery conviction and (2) counting one point for his 1996 Florida sexual battery conviction. We hold that Trice's Arkansas aggravated robbery conviction was factually comparable to a conviction in Washington for attempted first degree robbery, and therefore was properly included in his offender score. But we accept the State's concession that Trice's Florida conviction should not have been included in his offender score. Therefore, we affirm in part, reverse in part, and remand for resentencing.

## FACTS

In 2008, a jury found Trice guilty of three counts of first degree child rape, one count of first degree child molestation, and one count of first degree burglary – all committed on May 8, 2006. At sentencing, for purposes of calculating the offender score, Trice stipulated to and the trial court found four prior felony convictions. These included a 1989 aggravated robbery

conviction in Arkansas and a 1996 sexual battery conviction in Florida. The trial court ruled that the 1996 Florida conviction for sexual battery was comparable to a Washington crime for Persistent Offender Accountability Act (POAA) purposes. *State v. Trice*, noted at 168 Wn. App. 1009, 2012 WL 1699858, at \*4. Therefore, the trial court sentenced Trice as a "two strikes" offender to life confinement without the possibility of release for the three rape convictions. The trial court also ruled that the 1989 Arkansas aggravated robbery conviction was not comparable to a Washington "strike" offense for POAA purposes, but included the conviction in calculating Trice's offender score. *Trice*, 2012 WL 1699858, at \*4, \*14.

Trice appealed, and we accepted the State's concession that it had failed to prove that the Florida statute was legally or factually comparable to the Washington statute. *Trice*, 2012 WL 1699858, at \*11. We did not consider whether the Arkansas aggravated robbery conviction could be included in the offender score because Trice did not support the argument with legal authority. *Trice*, 2012 WL 1699858, at \*14. We remanded for resentencing, but noted that the trial court was required to determine Trice's offender score anew and that both parties could submit additional evidence regarding criminal history. *Trice*, 2012 WL 1699858, at \*14.

At the resentencing hearing, Trice again stipulated to the four prior felony convictions. The trial court ruled that the 1989 Arkansas aggravated robbery conviction was comparable to first degree attempted robbery in Washington and counted that conviction as two points on his offender score. The trial court ruled that Trice's 1996 Florida sexual battery conviction was not legally or factually comparable to a Washington crime, but counted that conviction as a point on Trice's offender score anyway because it was a felony.

2

Following the trial court's rulings on comparability, Trice's calculated offender score was five: two points for the Arkansas aggravated robbery conviction, one point for the Florida sexual battery conviction, and two points for the current offense. Trice appeals.

ANALYSIS

Trice argues that the trial court miscalculated his offender score by including his 1989 Arkansas conviction for aggravated robbery and his 1996 Florida conviction for sexual battery in his offender score. The State argues that the Arkansas conviction was comparable to a Washington conviction, but concedes that the Florida conviction should not have been included in the offender score. We hold that the trial court properly included the Arkansas conviction in calculating Trice's offender score, and we accept the State's concession that the Florida conviction should not have been included.

A.    CALCULATING OFFENDER SCORE – OUT-OF-STATE CONVICTIONS

Under the Sentencing Reform Act of 1981(SRA), chapter 9.94A RCW, the sentencing court uses the defendant's prior convictions to determine an offender score which, along with the seriousness level of the current offense, establishes his or her presumptive standard sentencing range. *State v. Olsen*, 180 Wn.2d 468, 472, 325 P.3d 187 (2014). A defendant's sentence is determined based on the law in effect when the defendant committed the current offense. RCW 9.94A.345; *see also In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 809, 272 P.3d 209 (2012).

We review a sentencing court's calculation of an offender score de novo. *Olsen*, 180 Wn.2d at 472. In addition, we review underlying factual determinations under an abuse of discretion standard. *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 764, 297 P.3d 51 (2013).

3

The State must prove the existence of prior felony convictions used to calculate an offender score by a preponderance of the evidence. RCW 9.94A.500(1); *see also Olsen*, 180 Wn.2d at 472. If the convictions are from another jurisdiction, the State also must prove that the underlying offense would have been a felony under Washington law. RCW 9.94A.525(3); *State v. Ford*, 137 Wn.2d 472, 480, 973 P.2d 452 (1999). The existence of a prior conviction is a question of fact. *In re Pers. Restraint of Adolph*, 170 Wn.2d 556, 566, 243 P.3d 540 (2010).

Where the defendant's offenses resulted in out-of-state convictions, RCW 9.94A.525(3) provides that such offenses "shall be classified according to the comparable offense definitions and sentences provided by Washington law." This statute requires the sentencing court to make a determination of whether the out-of-state conviction is comparable to a Washington conviction. *State v. Morley*, 134 Wn.2d 588, 601, 952 P.2d 167 (1998). Only if the convictions are comparable can the out-of-state conviction be included in the offender score. *State v. Thiefault*, 160 Wn.2d 409, 415, 158 P.3d 580 (2007).

Our Supreme Court has adopted a two-part analysis for determining whether an out-of-state conviction is comparable to a Washington conviction. *Olsen*, 180 Wn.2d at 472. First, the sentencing court determines whether the offenses are *legally* comparable – whether the elements of the out-of-state offense are substantially similar to the elements of the Washington offense. *Olsen*, 180 Wn.2d at 472-73. If the elements of the out-of-state offense are broader than the elements of the Washington offense, they are not legally comparable. *Olsen*, 180 Wn.2d at 473; *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258, 111 P.3d 837 (2005).

Second, even if the offenses are not legally comparable, the sentencing court still can include the out-of-state conviction in the offender score if the offense is *factually* comparable. *Olsen*, 180 Wn.2d at 473. Determining factual comparability involves analyzing whether the defendant's conduct underlying the out-of-state conviction would have violated the comparable Washington statute. *Thiefault*, 160 Wn.2d at 415. In making this factual comparison, the sentencing court cannot consider evidence not presented in the out-of-state proceeding. *State v. Arndt*, 179 Wn. App 373, 379, 320 P.3d 104 (2014). And the sentencing court may rely on facts in the out-of-state record only if they are admitted, stipulated to, or proved beyond a reasonable doubt. *Olsen*, 180 Wn.2d at 474-45; *Thiefault*, 160 Wn.2d at 415.

If an out-of-state conviction involves an offense that is neither legally or factually comparable to a Washington offense, the sentencing court may not include the conviction in the defendant's offender score. *Thiefault*, 160 Wn.2d at 415. If a defendant has been erroneously sentenced, we remand the defendant's case to the sentencing court for resentencing. *State v. Wilson*, 170 Wn.2d 682, 691, 244 P.3d 950 (2010).

B.    ARKANSAS AGGRAVATED ROBBERY CONVICTION

Trice argues that his 1989 Arkansas conviction for aggravated robbery is not legally or factually comparable to any Washington crime, and therefore was improperly included in the calculation of his offender score. We hold that the elements of Arkansas' aggravated robbery

5

statute are not legally comparable to Washington's attempted first degree robbery offense, but that the offenses are factually comparable.[1]

1. Legal Comparability

Trice argues that the Arkansas robbery statute is not legally comparable to attempted first degree robbery in Washington because the statutes require differing intents. We agree.

At the time Trice committed the offense of aggravated robbery in 1987,[2] Arkansas' robbery statute stated: "A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another." Former Ark. Code § 5-12-102(a) (1987). Washington's 1987 definition of robbery stated in part: "A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone." Former RCW 9A.56.190 (1975).[3]

---

[1] The State also argues that the Arkansas aggravated robbery offense is legally and factually comparable to Washington's crimes of first degree and second degree robbery. We need not address these arguments because we affirm on an alternate basis.

[2] Trice committed the Arkansas crime in 1987 and was convicted in 1989. Under the comparability analysis, we address the statutes in effect at the time the crime was committed. *See* RCW 9.94A.345.

[3] RCW 9A.56.190 was amended in 2011. However, there were no substantive changes other than the addition of gender neutral references.

In 1987, Washington's attempt statute stated: "A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime." Former RCW 9A.28.020(1) (1981). And to have committed attempted first degree robbery a person must have: (1) intended to commit the crime of (2) unlawfully taking "personal property from the person of another" (3) while armed with a deadly weapon and (4) have actually taken a substantial step toward the commission of that crime. *See* former RCW 9A.56.190; former RCW 9A.56.200 (1975); former RCW 9A.28.020(1) (1981).

Here, the elements of an Arkansas aggravated robbery conviction are broader than the elements of a conviction in Washington for attempted first degree robbery. An Arkansas conviction requires a person to act with "the purpose of committing a felony *or misdemeanor theft*." Former Ark. Code § 5-12-102(a) (1987) (emphasis added). Conversely, a Washington conviction requires a person to intend to commit first degree robbery, which in 1987 did not encompass the category of misdemeanor thefts. *See* RCW 9A.20.010(2)(a) & former RCW 9A.56.200 (robbery in the first degree was categorized as a class A felony). As a result, the elements for Arkansas' aggravated robbery are broader than Washington's attempted first degree robbery, and we hold the two offenses are not legally comparable.

2. Factual Comparability

Trice's conviction based on Arkansas' 1987 aggravated robbery statute still can be included in his offender score if the facts underlying the conviction are factually comparable to an attempted first degree robbery conviction in Washington. *See Thiefault*, 160 Wn.2d at 415.

7

The State argues that Trice's guilty plea admitted sufficient facts for his Arkansas conviction to constitute a conviction in Washington for attempted first degree robbery. We agree.

The sentencing court may rely on facts in the out-of-state record if the defendant has admitted those facts. *Thiefault*, 160 Wn.2d at 415. Such an admission may occur in a guilty plea. *Arndt*, 179 Wn. App. at 381 (stating "[a] sentencing court properly can consider facts conceded by the defendant in a guilty plea as an admitted fact"); *State v. Tewee*, 176 Wn. App. 964, 970, 309 P.3d 791 (2013), *review denied*, 179 Wn.2d 1016 (2014) (considering admission in guilty plea). Here, Trice voluntarily entered into a guilty plea. Washington courts treat an out-of-state guilty plea as an admission of a crime's elements if the convicting state also does. *See, e.g.*, *Olsen*, 180 Wn.2d at 478-479 (treating California nolo contendere plea as a plea of guilty for all purposes when California law would have given it such treatment).

In Arkansas courts, a voluntary guilty plea is the defendant's trial. *Graham v. State*, 188 S.W.3d 893, 895 (Ark. 2004). "A guilty plea is inherently an admission of all of the elements of the charges and constitutes a waiver of any defense that might have been raised at the trial of the charges." *Standridge v. State*, 2012 Ark. App. 563, 423 S.W.3d 677, 681. As a result, Arkansas case law requires us to treat Trice's voluntary guilty plea as an admission of the charges in his 1987 charging document.

Count 1 of Trice's charging document accused him of "unlawfully, feloniously, employ[ing] physical force upon BETTY GRIFFIN and CLARENCE GRIFFIN, with the purpose of committing a theft while armed with a deadly weapon, to-wit: a shotgun." Clerk's Papers at 146. Accordingly, we treat Trice's guilty plea as an admission that Trice unlawfully

employed physical force against two people, while armed with a shotgun, with the purpose of committing a theft. *See Standridge*, 423 S.W.3d at 681.

These admitted facts are sufficient to show that Trice's conduct underlying his Arkansas conviction would have supported a Washington conviction of attempted first degree robbery. By pleading guilty in Arkansas, Trice admitted – at a minimum – that it was his purpose to take personal property from another, i.e. a theft, while armed with a deadly weapon. Because Trice's charging document also contended that Trice employed "physical force" upon two people in the commission of his crime, these facts also support a finding that Trice's conduct would have constituted a "substantial step" towards the commission of first degree robbery in Washington. Therefore, we hold that Trice's 1989 conviction of aggravated robbery in Arkansas was factually comparable to a conviction in Washington of attempted first degree robbery.

Because Trice's 1989 Arkansas conviction for aggravated robbery was factually comparable to Washington's crime of attempted first degree robbery, we hold that the trial court properly included that conviction in Trice's offender score. We affirm the trial court on this issue.

C.    FLORIDA SEXUAL BATTERY CONVICTION

Trice argues that the 1996 Florida conviction is not comparable to a Washington felony, and therefore the trial court erred by including that in his offender score. The State agrees that Trice's 1996 Florida conviction was not legally or factually comparable to a Washington felony and concedes that the conviction should not have been included in his offender score. We accept the State's concession.

At Trice's 2013 sentencing hearing, the State contended that Florida's sexual battery statute was legally comparable to Washington's former third degree rape statute. However, the elements of the Florida statute are broader than Washington's former third degree rape statute because the Florida statute does not impose a requirement that the perpetrator and victim not be married. *Compare* former Fla. Stat. Ann. § 794.001(3) (1996) *with* former RCW 9A.44.060(1) (1979). Accordingly, the Florida conviction is not legally comparable to a Washington third degree rape conviction. And there were no facts in the record that were admitted, stipulated to, or proved beyond a reasonable doubt that could establish factual comparability.

Despite finding that Trice's Florida sexual battery conviction was not legally or factually comparable to Washington's definition of third degree rape, the trial court reasoned that because Trice's sexual battery conviction was a Florida felony, Trice's sexual battery conviction should count as one point in Trice's offender score. This ruling was incorrect. If an out-of-state conviction involves an offense that is neither legally nor factually comparable to a Washington offense, the sentencing court may not include the conviction in the defendant's offender score. *Olsen*, 180 Wn.2d at 478; *Thiefault*, 160 Wn.2d at 415.

Because Florida's 1996 sexual battery statute is neither legally nor factually comparable to a Washington statute, Trice's conviction under the Florida sexual battery statute cannot be used in computing his sentencing offender score. Accordingly, we hold that the sentencing court erred by allocating Trice one point for his 1996 sexual battery conviction and we remand for resentencing.

We hold that the trial court did not err in including Trice's 1989 Arkansas conviction in his offender score, but did err in including Trice's 1996 Florida conviction in his offender score. Accordingly, we affirm in part, reverse in part, and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

BJORGEN, A.C.J.

MELNICK, J.