Cite as 2025 Ark. App. 353

# ARKANSAS COURT OF APPEALS
## DIVISIONS I & II
### No. CR-24-647

| | |
|---|---|
| JOHN PATRICK CULLEN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered June 4, 2025<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-18-246]<br><br>HONORABLE RALPH OHM, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Pro se appellant John Patrick Cullen appeals from the Garland County Circuit Court's order denying his petition to quash his duty to register as a sex offender. Cullen argues that he meets the requirement of Ark. Code Ann. § 12-12-906(a)(1)(A)(iii)(b) (Supp. 2021), which provides that a sex offender is not required to register if the court determines that there was no evidence of force, compulsion, threat, or intimidation in the commission of the sex offense. We affirm the trial court's denial of Cullen's petition.

### I. Procedural History

In September 2019, Cullen pleaded guilty to second-degree sexual assault and was sentenced to six years' imprisonment. On June 18, 2024, the trial court entered a single order denying three pro se petitions filed by Cullen: (1) a petition for leave to proceed in forma pauperis; (2) a "Petition to Decrease Community Notification Level Per AR. Admin.

Code #004.00.4-17"; and (3) a petition to quash his duty to register as a sex offender. In denying those petitions, the trial court wrote the following without specifying any one petition:

> A review of all the pleadings submitted on behalf of the Defendant reflects that the Defendant seeks to lower his registration level. The petition has been filed in the wrong venue. This Court does not have venue over the agency charged with the responsibility of granted [sic] the relief sought by the Defendant.[1]

On June 26, Cullen filed a posttrial "motion for rehearing/reconsideration" objecting to the trial court's "wrong venue" ruling from the June 18 order as it pertained to his petition to quash his duty to register. Cullen argued that (1) he is not required to register because he meets a requirement pursuant to section 12-12-906(a)(1)(A)(iii), and (2) Ark. Code Ann. § 12-12-919 (Supp. 2021) establishes that the sentencing court is the proper jurisdiction for filing a petition to terminate the obligation to register as a sex offender.

On July 3, Cullen timely filed a notice of appeal from the June 18 order. Cullen's motion for rehearing/reconsideration was deemed denied on July 26; however, Cullen did not amend his notice of appeal to include the denial of his posttrial motion.[2]

---

[1]In an apparent attempt to clarify its June 18 denial, the trial court entered a separate order on June 25 addressing and denying only Cullen's petition to decrease his community-notification level. The trial court used the same "wrong venue" language from the June 18 order, which clearly does not apply to Cullen's other two petitions—they do not involve levels or agencies. Relevant to the June 25 order, Cullen had been assessed and assigned a community-notification level 3 by the Sex Offender Community Notification Assessment (SOCNA), a program that works in conjunction with the Sex Offender Assessment Committee (SOAC) under the auspices of the Arkansas Department of Correction.

[2]When a notice of appeal is filed before the resolution of any posttrial motion, the original notice of appeal pertains to only the underlying judgment. Ark. R. App. P.–Crim.

II. *Discussion*

Only that portion of the June 18 order denying Cullen's petition to quash his duty to register as a sex offender is before us on appeal. Cullen's duty to register as a sex offender resulted from his September 2019 guilty plea to second-degree sexual assault. Again, Cullen argues that he is not required to register as a sex offender because he meets the requirement of Ark. Code Ann. § 12-12-906(a)(1)(A)(iii)*(b)* considering there was no evidence of force, compulsion, threat, or intimidation during the commission of the sex offense.

Assuming that the trial court erred in denying Cullen's petition to quash his duty to register as a sex offender with its "wrong venue" ruling,[3] Cullen is nevertheless entitled to no relief on appeal. The law is clear that we will affirm the trial court's decision when it reached the right result, even if it announced the wrong reason. *Cullen v. State*, 2023 Ark. 172, at 5 n.1, 678 S.W.3d 20, 23 n.1; *Long v. State*, 2024 Ark. App. 98, 685 S.W.3d 280. Cullen is not entitled to relief under Ark. Code Ann. § 12-12-906.

As a preliminary matter, the sentencing court—the circuit court—determines "at the time of adjudication of guilt" whether a defendant is required to register as a sex offender

---

2(b)(2). To obtain review of a posttrial motion that is resolved later, an appealing party must amend the previously filed notice of appeal within thirty days of the subsequent decision. *Id.*; *Cypert v. State*, 2025 Ark. 11, 705 S.W.3d 496.

[3]To the extent the trial court's "wrong venue" ruling refers to jurisdiction, we do not dispute that circuit courts have jurisdiction over petitions such as the one on appeal dealing with the duty to register as a sex offender.

and enters it on the sentencing order. Ark. Code Ann. § 12-12-906(a)(1)(A)(i). In other words, Cullen's objection to registering as a sex offender comes five years too late. Even if Cullen's objection had been timely, he clearly does not meet all *three* requirements of Ark. Code Ann. § 12-12-906(a)(1)(A)(iii)[4] in that he argues only subdivision *(b)*'s requirement that there was no evidence of force, compulsion, threat, or intimidation during the commission of the sex offense. Aside from the fact that Cullen's argument is contrary to his guilty plea considering that force is an element of the offense,[5] Cullen does not even address the other two requirements of section 12-12-906(a)(1)(A)(iii). As to subdivision *(a)*, for example, Cullen could not meet that requirement in light of the fact that he readily admits his victim was forty-eight years old.[6]

---

[4]Arkansas Code Annotated section 12-12-906(a)(1)(A)(iii) provides that a sex offender is not required to register as a sex offender under this subchapter if *(a)* the victim was under eighteen years of age and the sex offender was no more than three years older than the victim at the time of the sex offense; *(b)* the court determines that there was no evidence of force, compulsion, threat, or intimidation in the commission of the sex offense; and *(c)* the court does not otherwise order registration under § 12-12-903(13)(B)(i).

[5]Cullen asserts that the "forcible compulsion" element of Ark. Code Ann. § 5-14-125 was not met and "therefore legally, appellant asserts & contends that the conviction/sentence is void/illegal being the subject matter jurisdiction." That argument is a challenge to the sufficiency of the evidence—not an issue of an illegal sentence. Cullen, however, waived any sufficiency challenge by pleading guilty. Although Cullen refers to his "bogus" conviction in his brief, he pleaded guilty to second-degree sexual assault. A guilty plea is inherently an admission of all the elements of the charges. *Standridge v. State*, 2012 Ark. App. 563, 423 S.W.3d 677.

[6]Likewise, Cullen could not say that his sexual-assault conviction has been reversed, vacated, or set aside or that he has been pardoned, which would be required to relieve him from the duty to register or verify registration under Ark. Code Ann. § 12-12-905(c).

Although Cullen raised an argument under Ark. Code Ann. § 12-12-919 in his posttrial motion, it is not before us given Cullen's failure to amend his notice of appeal. *See* Ark. R. App. P.–Crim. 2(b)(2). To the extent Cullen relies on section 12-12-919 for the proposition that the circuit court has "jurisdiction" over this matter, we do not disagree. We do not otherwise address the argument raised in Cullen's posttrial motion beyond pointing out that he apparently overlooks that section 12-12-919(b)(1)(A)(i)*(a)* provides that a sex offender must wait fifteen years after the date he first registered to apply for an order terminating the obligation to register.

In conclusion, even if the trial court erred with its "wrong venue" ruling, it correctly denied Cullen's petition to quash his duty to register as a sex offender.[7] Reversing and remanding under these circumstances would be pointless because Cullen is clearly not entitled to any relief.

Affirmed.

---

[7]The dissent suggests that Cullen has merely sought judicial review of an agency's decision with its citations to the APA and Ark. Code Ann. § 12-12-922. This, however, demonstrates the dissent's apparent confusion over the order on appeal. Even Cullen understands that he filed his petition to decrease his community-notification level in the "wrong venue." In his posttrial motion, Cullen plainly stated that he has no objection to the trial court's ruling *as to that petition* and acknowledged that the trial court was correct *as to that petition*. Indeed, the denial of Cullen's petition to decrease his community-notification level is *not* the subject of this appeal. Moreover, Cullen's assessment of a risk level 3 by SOCNA was reviewed and finalized by SOAC in May 2021. To the extent Cullen was seeking judicial review of that decision with his petition to decrease his community-notification level, the petition was filed in circuit court *three years* beyond the thirty-day period for reviewing the agency's decision.

KLAPPENBACH, C.J., and GLADWIN, TUCKER, and MURPHY, JJ., agree.

BARRETT, J., dissents.

STEPHANIE POTTER BARRETT, Judge, dissenting. The majority agrees that the Garland County circuit court has subject-matter jurisdiction over the petition to quash and that Garland County—the county in which Cullen was sentenced—was the proper venue, but it affirms the denial of the petition to quash on the theory of "right result, wrong reason." I believe that jurisdiction is of paramount importance and fundamental for a court to lawfully adjudicate a matter. In order to maintain the integrity of the judicial system and uphold public policy, "right result, wrong reason" just does not suffice under these circumstances, and therefore, I must dissent.

John Cullen appeals the denial of his "Motion to Quash Duty to Register as a Sex Offender" from an order entered in the Garland County Circuit Court on June 18, 2024. The order stated, "This Court does not have venue over the agency charged with the responsibility of granted the relief sought by the Defendant. It is for this reason, that the Petition for Leave to Proceed in Forma Pauperis, Petition to Decrease Community Notification Level Per AR. Admin. Code #004.00.4-17, and Petition to Quash Duty to Register as a Sex Offender are hereby denied." Thus, the circuit court denied Cullen's petition to quash because of lack of venue. However, it appears from the context that the circuit court may have intended "jurisdiction" instead of "venue."

Jurisdiction refers to the power of a court to hear and determine the subject matter in controversy between the parties. *DeSoto Gathering Co., LLC v. Ramsey*, 2016 Ark. 22, 480

6

S.W.3d 144. Venue, on the other hand, is the geographic area where an action is brought to trial. *Overton v. Jones*, 74 Ark. App. 122, 45 S.W.3d 427. While jurisdiction is a matter of the court's authority, venue is procedural and grounded in the convenience of the litigants. *Mark Twain Life Ins. Corp. v. Cory*, 283 Ark. 55, 670 S.W.2d 809 (1984). In Arkansas, venue is determined by statute, and improper venue does not necessarily invalidate a judgment unless the statute indicates that its requirements are jurisdictional. *Id.*

The distinction between jurisdiction and venue is crucial in determining the proper remedy. Venue is procedural and does not affect the court's power to render a binding judgment, whereas jurisdiction is the authority of the court to act. *Mark Twain Life Ins. Corp.*, *supra.* Subject-matter jurisdiction is the power to hear and determine the subject matter in controversy between the parties to the suit. *Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998). If the court errs in its decision or proceeds irregularly within its assigned jurisdiction, the remedy is by appeal or direct action in the erring court. If it was within the court's jurisdiction to act upon the subject matter, that action is binding until reversed or set aside. *Banning v. State*, 22 Ark. App. 144, 149, 737 S.W.2d 167, 170 (1987).

Under the Administrative Procedure Act, codified at Arkansas Code Annotated sections 25-15-201 et seq. (Repl. 2024), sex offenders can challenge their assigned risk levels by submitting a written request for an administrative review to the Sex Offender Assessment Committee. Ark. Code Ann. § 12-12-922 (Repl. 2016). If the committee's decision is contested, the offender can file a petition for judicial review in the circuit court. *Id.* Specifically, the statue reads:

(b)(7)(A)(i) The findings of the administrative review shall be sent to the sex offender by certified mail. Community notification at the risk level assigned in the administrative review shall commence five (5) calendar days after the postmark of the advisement of the findings of the administrative review.

(ii) Upon receipt of the findings, the sex offender has thirty (30) days to file a petition under the Arkansas Administrative Procedure Act, § 25-15-201 et seq., for judicial review in the Pulaski County Circuit Court or in the circuit court of the county where the sex offender resides or does business.

Ark. Code Ann. § 12-12-922(b)(7)(A)(i)–(ii).

Under the APA, the circuit court may reverse or modify an agency decision if it prejudices the rights of the petitioner because the administrative findings, inferences, or decision are not supported by substantial evidence. *Brown v. Sex Offender Assessment Comm.*, 2014 Ark. App. 236, at 2–3. It is not the role of either the circuit courts or the appellate courts to conduct a de novo review of the record; rather, the review is limited to ascertaining whether there is substantial evidence to support the agency's decision or whether the agency's decision runs afoul of one of the other criteria set out in section 25-15-212. *Id. See also Mitchell v. Sex Offender Assessment Comm.*, 2020 Ark. App. 261, at 3–4, 600 S.W.3d 648, 651.

Arkansas Code Annotated section 12-12-919(b)(1)(A)(i)*(a)* (Supp. 2023) states that a sex offender required to register under this subchapter may apply in the jurisdiction in which he or she was convicted for an order terminating the obligation to register to the sentencing court fifteen years after the date the sex offender first registered in Arkansas. Therefore, under the same guidelines and principles discussed, the Garland County Circuit Court had jurisdiction and venue to hear the petition to quash. Granted, the circuit court only has the authority to grant such a request provided certain criteria are met, and it does not appear

8

that any of the criteria are met.  However, what seems like an exercise of futility is necessary to keep the law on jurisdiction clear and concise.

*John Patrick Cullen*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.